Rodney L. STALKUP; George William Snodgrass; and Phyllis J. Snodgrass, Appellants (Plaintiffs),

v.

STATE of Wyoming DEPARTMENT OF ENVIRONMENTAL QUALITY (DEQ); and Rissler & McMurry Company, a Wyoming Corporation, Appellees (Defendants).

RISSLER & McMURRY COMPANY, a Wyoming Corporation, Appellants (Defendants),

v.

Rodney L. STALKUP; George William Snodgrass; and Phyllis J. Snodgrass, Appellees (Plaintiffs).

Nos. 91–89, 91–90.

Supreme Court of Wyoming.

Aug. 31, 1992.

Jeffrey C. Gosman, Casper, for appellants in No. 91–89 and appellees in No. 91–90.

Joseph B. Meyer, Atty. Gen., Mary B. Guthrie, Deputy Atty. Gen., Steve Jones, Sr. Asst. Atty. Gen. and John Coppede, Asst. Atty. Gen., Cheyenne, for appellee State of Wyo. Dept. of Environmental Quality in No. 91–89.

Donald J. Rissler of Brown, Raymond & Rissler, Casper, for Rissler & McMurry Co., appellee in Nos. 91–89 and appellant in 91–90.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT* and GOLDEN, JJ.

GOLDEN, Justice.

This appeal involves a challenge by adjoining landowners under the Wyoming Environmental Quality Act (Act) to a limestone mine and mine haul road planned by Rissler & McMurry Company (Rissler) and approved by the State of Wyoming Department of Environmental Quality (DEQ). Rissler filed a notification and consent, but was not required to comply with several of the usual permitting requirements because it was exempt from those requirements and instead proceeded under the Act's ten-acre exemption. Appellants filed suit, arguing that the DEQ improperly approved Rissler's mining operation, and that Rissler was not in compliance with the Act. The district court dismissed appellants' suit.

We affirm.

Appellants raise the following issues:

1. The court erred in finding the action improperly venued against Rissler &

* Chief Justice at time of oral argument.

McMurry Co., hereinafter referred to as ("*Rissler*").

2. The court erred in finding the action improperly venued against the Department of Environmental Quality, hereinafter referred to as ("*DEQ*").

3. The court erred in dismissing the action, if improperly venued against any party.

4. The court erred in finding that the attorney general or the county attorney of any county must bring the action under Wyo.Stat. § 35–11–902.

5. The court erred in dismissing the action for failure to provide defendants 60 days notice under Wyo.Stat. § 35–11–902(c)(i) before filing suit.

6. Compliance with the provisions of the Wyoming Governmental Claims Act is not a precondition to maintaining a suit under Wyo.Stat. § 35–11–902 against the private defendant, Rissler.

7. Compliance with the provisions of the Wyoming Governmental Tort Claims Act is not a precondition to maintaining a suit under Wyo.Stat. § 35–11–902 against the defendant, DEQ.

8. Under the standards applicable to the motion to dismiss, the court erred in finding that there were no violations by the defendant, Rissler, of any rule, regulation, order or permit of the Environmental Quality Act and that the DEQ had not violated any nondiscretionary act or duty.

(a) The Supreme Court decision in *Wymo Fuels v. Edwards*, 723 P.2d 1230 (Wyo.1986) does not control the consent issue as it applies to the 10 acre exemption.

Appellee Rissler states the issues in the following way:

I. Whether the court erred in ruling appellants' cause of action was improperly venued.

II. Whether the court erred in ruling appellants failed to provide the necessary sixty (60) day notice requirement of Wyo. Stat. § 35–11–902.

III. Whether the court erred in ruling that only the attorney general can bring a claim pursuant to Wyo.Stat. § 35–11–901.

A. Can a private citizen bring a claim pursuant to Wyo.Stat. § 35–11–901?

B. If a private citizen can bring a claim pursuant to Wyo.Stat. § 35–11–901, does a private citizen have to comply with the Wyoming Governmental Tort Claims Act?

IV. Whether appellants state a cause of action pursuant to Wyo.Stat. § 35–11–902.

A. Is permission required from the appellants under Wyo.Stat. § 35–11–401(e)(vi)?

B. Are appellants an "affected landowner" once condemnation is complete?

C. Did the legislature intend to restrict the usefulness of the ten acre small mining permit?

D. Could appellants maintain an action pursuant to Public Law 95–87 as worded on August 3, 1977?

V. Whether the appellee, Rissler & McMurry Company, is entitled to sanctions pursuant to Rule [10.05] of the Wyoming Rules of Appellate Procedure?

Appellee DEQ raises the following issues:

I. Whether the Wyoming Environmental Quality Act provides for a private right of action to recover civil penalties.

II. Whether a district court is deprived of subject matter jurisdiction by a party's failure to follow the statutory requirements in pursuing a cause of action under the Wyoming Environmental Quality Act.

III. Whether the appellants' allegations that the DEQ violated the Environmental Quality Act were based on an erroneous reading of the Act and contrary to the caselaw in this jurisdiction.

## FACTS

Rissler wanted to open a limestone quarry in the Bessemer Bend area of Natrona County, Wyoming; the land on which the mine would sit is owned by the State of Wyoming. Rissler obtained a limestone

mining lease from the state. After obtaining the surface owner's consent, Rissler filed "Limited Mining Operations Notification of Operator and Consent of Surface Owner and Lessee" under the ten-acre exemption with the DEQ. The notice and consent that Rissler filed is distinct from a mining permit. The notice and consent procedure is used when the mine operation qualifies for the ten-acre exemption and is then exempt from the permit procedure. DEQ approved Rissler's notification and consent of limited mining operations on August 18, 1989.[1]

After the DEQ approval, Rissler began negotiations with appellants who were adjoining landowners. Rissler sought an easement across appellants' adjoining land for a mine haul road to the planned limestone quarry. Rissler and appellants were not able to agree on an arrangement for a mine haul road, so Rissler initiated condemnation proceedings.

Rissler was successful in the condemnation action and obtained a condemned thirty-foot surface easement across appellants' land for construction of a roadway in order to operate its limestone quarry. The day after the condemnation order was entered, appellants filed a complaint under the Act collateral to the condemnation action. Appellants named both Rissler and DEQ in their complaint in which they demanded that DEQ and Rissler comply with the permitting process and requested civil penalties and attorney fees.

Rissler filed a motion to dismiss on the basis of improper venue, lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Rissler also moved for costs and attorney fees under Wyo.Stat. § 1–14–128 (1988). DEQ also filed a motion to dismiss arguing that appellants did not have standing, the state was immune from a claim for damages, venue was improper, and appellants failed to provide the DEQ with the sixty-day prerequisite notice under the Act.

The district court granted DEQ's and Rissler's motions to dismiss. The court found, *inter alia*, that the complaint did not comply with the requirements of section 901 of the Act because it was improperly venued, that appellants had not provided required notice for the section 902 portion of their complaint, and it was not brought by a county attorney or the attorney general. The court dismissed the complaint, holding that appellants were not affected landowners under *Wymo Fuels v. Edwards*, 723 P.2d 1230 (Wyo.1986).

Appellants appealed, seeking review of the district court's dismissal. Rissler filed a cross-appeal challenging the district court's decision not to award sanctions for baseless pleadings against appellants and seeking appellate costs and penalties under W.R.A.P. 10.05.

## STANDARD OF REVIEW

The standard of review for summary judgment will be used to review the claims of appellants.

> We review a summary judgment in the same light as the district court, using the same materials and following the same standards. Summary judgment is proper only when there are no genuine issues of material fact and the prevailing party is entitled to judgment as a matter of law.

*American Holidays, Inc. v. Foxtail Owners Ass'n*, 821 P.2d 577, 578 (Wyo.1991) (quoting *Zmijewski v. Wright*, 809 P.2d 280, 282 (Wyo.1991)).

The parties in this appeal differ on the standard of review appropriate for this case. Appellants assert that the appropriate standard is the standard applicable to motions to dismiss, urging this court to liberally construe the pleadings in their favor and accept all facts in their complaint as true. DEQ argues that the motion to dismiss standard of review is inapplicable because the district court considered matters outside the pleadings and, therefore,

---

1. Technically, DEQ was only approving a notification and consent of limited mining operations, not a permit, since a permit application was not submitted. Despite this important distinction, DEQ's approval letter mistakenly refers to approval of a mine permit which is not accurate. This erroneous reference did not substantively change the procedures.

the motion was automatically converted into a motion for summary judgment.

Our Wyoming rule provides:

*If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment* and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Wyo.R.Civ.P. 12(b) (emphasis added).

This court has held that a Rule 12(b)(6) motion to dismiss is converted to a Rule 56 motion for summary judgment if materials outside the pleadings are considered. *Cranston v. Weston County Weed and Pest Bd.,* 826 P.2d 251, 254 (Wyo.1992); *Mostert v. CBL & Assoc.,* 741 P.2d 1090, 1097 (Wyo.1987). If affidavits are considered, conversion occurs automatically. *Cranston,* 826 P.2d at 254 (citing *Torrey v. Twiford,* 713 P.2d 1160, 1162–63, 1165 (Wyo.1986)).

Seven exhibits, including one affidavit, were submitted by appellees at the hearing on the motions to dismiss.[2] Appellants also submitted materials outside of the pleadings in the form of two affidavits. None of the parties made a specific and explicit motion for summary judgment pursuant to Rule 56. The district court did not explicitly consider whether conversion had been accomplished. However, because affidavits were submitted by both parties and considered by the district court, conversion occurred automatically. Accordingly, this court will review the result below under the standard of review for motions for summary judgment.[3]

This court has taken notice of conversion on appeal in previous cases. *See Brebaugh v. Hales,* 788 P.2d 1128, 1133–34 (Wyo. 1990); *Kirby Bldg. Systems v. Independence, Etc.,* 634 P.2d 342, 344–45 (Wyo. 1981); *Wyoming Ins. Dept. v. Sierra Life Ins. Co.,* 599 P.2d 1360, 1362 (Wyo.1979).

■ The summary judgment standard of review is further justified because appellants themselves filed affidavits in the district court in response to appellees' motion to dismiss. Normally "the non-movant must have ten days to respond to the converted motion prior to any hearing on it." *Shriner Hosp. for Crippled Children, Inc. v. First Sec. Bank,* 835 P.2d 350, 366 (Wyo. 1992) (citations omitted). However, appellants not only failed to object on the record to acceptance and consideration of the affidavit and exhibits submitted by appellees but also submitted two affidavits of their own. In all, three affidavits and six extra-pleading exhibits, a total of fifty pages, were accepted and considered by the district court without objection from any party. Any objection to the notice provided was waived by the submission of affidavits by appellants and their failure to object on the record to the district court's acceptance of affidavits and extra-pleading exhibits.

We have recognized waiver in analogous circumstances. In *Matter of Estate of Obra,* 749 P.2d 272, 275 (Wyo.1988), supporting materials were filed late and not with the motion for summary judgment contrary to the Wyoming Rules of Civil Procedure and the Uniform Rules for the District Courts. However we found this procedural defect waived and stated:

*Joint Powers Fire Bd.,* 797 P.2d 1171 (Wyo. 1990). Appellant's pleadings must be liberally construed, and the court will sustain a dismissal of a complaint only if it shows on its face that the plaintiff was not entitled to relief under any set of facts. *Mostert v. CBL & Associates,* 741 P.2d 1090, 1092 (Wyo.1987); *Johnson v. Aetna Casualty & Surety Co. of Hartford, Conn.,* 608 P.2d 1299, 1302 (Wyo. 1980).
*Condict v. Lehman,* 837 P.2d 81, 82 (Wyo.1992).

---

**2.** No transcript of the motion to dismiss hearing appears in the record on appeal.

**3.** Although this motion was converted to summary judgment and we consider it in that posture, we note that even considered under the standard of review for motions to dismiss, the district court's decision would be valid. In reviewing motions to dismiss,

[t]he court must accept the facts as alleged in the plaintiff's complaint as true, and view them in the light most favorable toward the appellant. *Nulle v. Gillette–Campbell County*

Objection to the trial court's consideration of the depositions in summary-judgment determination at the scheduled hearing is not presented to us by anything of record. Appellants could have objected at the summary-judgment hearing, moved to strike the depositions or deny their consideration, or asked for a continuance of the summary-judgment hearing. * * * Lacking any recorded action of appellant to object to the court's consideration of the depositions and responsive affidavits, any formal defects in filing schedule were waived. *Davenport v. Epperly, supra,* 744 P.2d 1110 [ (Wyo. 1987) ].

*Estate of Obra,* 749 P.2d at 276. *See also, Davenport v. Epperly,* 744 P.2d 1110, 1112 (Wyo.1987) (issues "not called to the attention of the trial court will not be considered on appeal"). Federal courts have also recognized that the ten-day notice requirement can be waived. In *Summers v. State Farm Mutual Auto. Ins. Co.,* 864 F.2d 700 (10th Cir.1988) the Tenth Circuit stated "[t]he 10–day rule contained in Fed. R.Civ.P. 56(c) is not an absolute and can be waived. * * * In our view, the 10–day rule was waived in the instant case." *Summers,* 864 F.2d 700, 703 (10th Cir.1988). *See also, Davis v. City of Chicago,* 841 F.2d 186, 189 (7th Cir.1988) (in summary judgment context appellant "bears the sole responsibility for the lack of discovery because he failed to alert the District Court by asking for a continuance or taking any other action which would have resulted in additional discovery time. He is thereby precluded from raising that issue here."). Therefore, a nonmoving party can waive the ten-day notice rule when he submits affidavits himself *and* fails to object or request additional discovery time pursuant to Rule 56(f). Such a waiver took place here.

We rule that the "12(b)(6) motion was therefore effectively, if not formally, treated as a motion for summary judgment" and we will review it accordingly. *Herbert v. Saffel,* 877 F.2d 267, 270 (4th Cir.1989) (quoting *George v. Kay,* 632 F.2d 1103, 1106 (4th Cir.1980), *cert. denied,* 450 U.S. 1029, 101 S.Ct. 1738, 68 L.Ed.2d 224 (1981)).

## DISCUSSION

Four motions made in this court were still pending after oral argument. In regard to those motions we make the following dispositions: The motion made by appellee Rissler to strike appellants' motion to dismiss Rissler's cross-appeal in case No. 91–90 is granted. The motion to dismiss Rissler's cross-appeal in case No. 91–90 is denied. Appellee Rissler's motion to strike portions of appellants' brief is denied. Appellants' motion to take judicial notice is denied in part because the newspaper article submitted does not stand for the proposition appellants want us to judicially notice. Although we conditionally granted the motion to supplement the record with the U.S.G.S. topographic map for purposes of oral argument, we now deny that motion.

The question about the U.S.G.S. topographic map was raised by appellants' counsel for the first time on appeal. The map was to have been submitted with Rissler's application for approval of limited mining operations, and appellants argued that it had not been submitted. This argument proved not only improper before this court, but also misleading. When faced with the actual maps at oral argument, appellants' counsel was unable to demonstrate the noncompliance. Thus, this contention is without merit. After Rissler was forced to show the map was submitted, appellants' counsel argued that DEQ or Rissler had altered evidence in the record. Because the relevant point was graphically made at oral argument by one of the justices on this court, we will not engage in a lengthy discussion of this misleading issue raised by appellants' counsel.

Two initial matters merit discussion to describe the context of this lawsuit. Additionally, it is important to remember that Rissler obtained permission to mine through the Act's ten-acre exemption, not through a permit.

The Act requires mine operators to obtain a permit from DEQ before commencing mining operations. Wyo.Stat.

§ 35–11–405(a) (1988). Compliance with the permit requirement of Act is *not* required if the mining operations for certain nonmetallic minerals will affect only ten acres or less. Wyo.Stat. § 35–11–401(e)(vi).[4] The difference between the procedure required for a permit and for a ten-acre exemption is a crucial one that appellants failed to recognize. Once having qualified for the ten-acre exemption, a mine operator is exempt from all requirements applicable to the permit procedure.

Thus, outside the permitting process, there are two requirements under the Act that apply to an operator proceeding under the ten-acre exemption. A mine operator can commence mining operations without obtaining a permit, provided he has written permission from the surface owner and lessee and has *notified DEQ before commencing* mining.

Here, Rissler satisfied the notice and consent requirements of the ten-acre exemption.[5] The surface owner of this particular tract was the State of Wyoming, consenting in writing through the Wyoming State Land and Farm Loan Office. Appellants argue that consent of the lessee was not obtained as required under the ten-acre exemption requirement. Storey, the lessee, leased a portion of this particular tract from the State of Wyoming under a grazing and agricultural lease. Under this lease agreement, Storey expressly waived any interest under the lease that would have required Rissler to obtain Storey's

written consent. The lease reserved for the state the right to lease the premises for mining and gave the state the right to declare cancellation of the lessee's interest on all or any portion required for mining purposes. It also appears that this particular lease expired January 1, 1992, at 5:00 p.m., making the interest purportedly affected even less substantial.

■ Appellants also argue that because they owned land adjoining the mine site through which a mine haul road would pass, they are "affected landowners" under the Act and their consent is required. Although appellants' land initially qualified under the definition of "affected land"[6] under the Act, the status of their land changed substantially after the condemnation proceeding.

On November 14, 1990, the district court issued an order and judgment which condemned a thirty-foot easement across appellants' property for a mine haul road. In *Wymo Fuels*, this court held, "after condemnation of such an easement the owner of the servient estate is not a surface owner for purposes of the mining permit application statute * * *." *Wymo Fuels*, 723 P.2d at 1231. There, DEQ had ruled that surface landowner consent was not required "because if it were, the right acquired pursuant to the eminent domain proceeding would be defeated." *Wymo Fuels*, 723 P.2d at 1231. That rationale is directly applicable here. We reaffirm and extend

---

**4.** The ten-acre exemption provides:

(e) The provisions of this article shall not apply to any of the following activities:

\* \* \* \* \* \*

(vi) Surface mining operations, whether commercial or noncommercial, for the removal of sand, gravel, scoria, limestone, dolomite, shale, ballast or feldspar from an area of ten (10) acres or less of affected land if the operator has written permission for the operation from the owner and lessee, if any, of the surface; provided that the operator shall notify the land quality division of the department of environmental quality of the location of the land to be mined before commencing operations[.]

W.S. § 35–11–401(e)(vi) (1988).

**5.** Although appellants allege that Rissler did not comply with required procedures, technically

no violation could have occurred at the time the complaint was filed. The ten-acre exemption requires that the two types of notice be given *"before commencing [mining] operations."* Wyo. Stat. § 35–11–401(e)(vi) (1988). Therefore, if Rissler were to commence mining operations before satisfying the notice requirements, it *would be in violation only on the day it commenced mining*. At the time of oral argument counsel represented that no actual mining operations had begun. Therefore, Rissler could not have been in violation at the time the complaint was filed or when this appeal was taken.

**6.** Under the Act, "affected land" means "the area of land from which overburden is removed, or upon which * * * access roads, haul roads will be disturbed as a result of the operations." Wyo.Stat. § 35–11–103(e)(xvi) (1988 & Supp. 1991).

our holding from *Wymo Fuels* to procedures under the ten-acre exemption. Under *Wymo Fuels*, once particular lands have been condemned, those lands are no longer "affected lands" under the Act and those owners are no longer "surface owners" for purposes of the Act. Here, as in *Wymo Fuels*, appellants were left with no interest which required protection under the Act after the condemnation order was entered. *Wymo Fuels*, 723 P.2d at 1236.[7]

■ Count I of appellants' complaint was filed pursuant to Wyo.Stat. § 35–11–901(a) (1988):

> Any person who violates * * * any provision of this act, or any rule, regulation, standard or permit adopted hereunder or who violates any determination or order of the council pursuant to this act or any rule, regulation, standard, permit, license or variance is liable to either a penalty of not to exceed ten thousand dollars ($10,000.00) for each day during which violation continues, * * * which *may be recovered in a civil action,* and the person may be enjoined from continuing the violation *as hereinafter provided.* (emphasis added).

Subsection (q) of section 901 provides: "All actions pursuant to this article shall be brought in the county in which the violation occurred or in Laramie county by the attorney general in the name of the people of Wyoming."

Appellants alleged in their complaint that civil penalties should be imposed because the required consents were not obtained and that Rissler "utilized the 10 acre exemption to circumvent the lawful permitting process" because "Rissler knew that its mining operations * * * could not be accomplished within 10 acres." The complaint also alleged that the DEQ "approved the permit at a time when they knew it was invalid."

None of these allegations are sufficient to demonstrate the existence of a material question of fact or law and, thus, the district court was correct in dismissing the complaint. A plain reading of section

901(q) makes clear that any action must be brought by the attorney general in the name of the people of Wyoming. Even if the allegations in the complaint were true, the only way appellants could bring this action is if they could somehow prove that they were the attorney general of Wyoming and thus the authorized party to bring an enforcement action under section 901. Since appellants were unable to satisfy the facial requirements of section 901, the complaint was properly dismissed and appellees were entitled to judgment as a matter of law as to Count I of the complaint.

## DEQ AND IMMUNITY

■ Appellants argue that even if Count I of their complaint was properly dismissed because section 901 only provides a civil penalties cause of action for the attorney general, then they were instead suing on a theory of "common law negligence" seeking civil penalties. This alternative theory is raised for the first time on appeal and was not pled in the complaint. Counsel's use of this new theory on appeal is neither supported by the record, logic or the law. Negligence must be specifically pled, and, even when it is, the remedy is civil *damages* not civil *penalties.*

■ An additional barrier exists with respect to appellants' alleged "common law negligence" action against the DEQ. In Wyoming, state governmental entities are generally immune from tort liability. *City of Laramie v. Facer*, 814 P.2d 268 (Wyo. 1991). The Wyoming Governmental Claims Act provides the exclusive avenue for a negligence remedy against a state governmental entity. *Dee v. Laramie Co.*, 666 P.2d 957, 958 (Wyo.1983); Wyo.Stat. § 1–39–101 *et seq.* (1988 & Supp.1991).

The Governmental Claims act requires timely submission of a claim to the specific governmental entity before bringing suit on the claim. *Dee*, 666 P.2d at 958. Assuming for purposes of argument that appellants' claim would fall into one of the

---

7. Appellants concede that *Wymo Fuels* "stands in the way of the consent issue." (appellants

Stalkup and Snodgrass, No. 91–90, cross-appeal brief at 11).

exceptions to the general immunity of the Act, appellants failed to submit a claim to DEQ before filing suit as required by the statute.[8] No claim appears in the record. Therefore, were we to accept the proposition that appellants were pursuing a "common law negligence" action although they had not pled it in their complaint, such an action would be procedurally barred under the Wyoming Governmental Claims Act.

■ Counts II and III of the complaint were made pursuant to Wyo.Stat. § 35–11–902:

(a) Except as provided in subsection (c) of this section, any person having an interest which is or may be adversely affected, may commence a civil action on his own behalf to *compel compliance* with this act only to the extent that such action could have been brought in federal district court under Section 520 of P.L. 95–87, as that law is worded on August 3, 1977:

(i) Against any governmental entity, for alleged violations of any provisions of this act or of any rule, regulation, order or permit issued pursuant thereto, or against any other person for alleged violations of any rule, regulation, order to permit issued pursuant to this act; or

(ii) Against the state of Wyoming, department of environmental quality, for alleged failure of the department to perform any act or duty under this act which is not discretionary with the department.

(b) Actions against the state of Wyoming, department of environmental quality, pursuant to this section shall be filed in the district court for Laramie county. Actions against any governmental entity, or any other person pursuant to this section shall be filed in the district court for the county in which the violation is alleged to have occurred.

(c) *No action pursuant to this section may be commenced:*

(i) *Prior to sixty (60) days after the plaintiff has given notice in writing of the violation and of his intent to commence the civil action to the department and the alleged violator,* except that such action may be brought immediately after such notification if the violation complained of constitutes an imminent threat to the health or safety of the plaintiff or would immediately affect a legal interest of the plaintiff; or

(ii) If the department, through the attorney general, has commenced a civil action to require compliance with the provisions of this act, or any rule, regulation, or permit issued pursuant to this act, but in any such action any person may intervene as a matter of right. (emphasis added).[9]

Sections 901 and 902 provide for very distinct legal remedies. Section 901 is designed to allow the attorney general to seek civil penalties against those who violate portions of the Act.[10] Section 902 is a citizen suit provision which allows private

8. "No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission * * *."
Wyo.Stat. § 1–39–113(a) (1988 & Supp.1991).

9. Wyo.Stat. § 35–11–902 makes explicit reference to § 520 of Pub.L. 95–87, which provides in pertinent part:

CITIZEN SUITS

Sec. 520. (a) *Except as provided in subsection (b) of this section, any person having an interest which is or may be adversely affected may commence a civil action on his own behalf to compel compliance* with this Act—
(1) against the United States or any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution * * *.
(2) against the Secretary or the appropriate State regulatory authority to the extent permitted by the eleventh amendment to the Constitution * * *. (emphasis added).
Surface Mining Control & Reclamation Act of 1977, Pub.L. No. 95–87, 91 Stat. 445.

10. Adjoining landowners concede this proposition in their brief by saying "No case law has specifically interpreted the statute although my research of the statutory history in preparation of my brief below reveals that the latter interpretation [that an action under section 901 may only be brought by the attorney general in the county in which the violation occurred or in Laramie county] is probably correct." (Appellee Brief, No. 91–90, at 14)

citizens to litigate in order to accomplish compliance with the Act.

Although a citizen may sue under section 902, he can only seek to compel compliance with the Act and may not seek damages. In Counts II and III, which were both filed under section 902, appellants requested civil penalties or punitive damages. From the plain language of section 902, civil penalties are not available under section 902 and, therefore, Counts II and III were properly dismissed. Appellees were entitled to judgment as a matter of law on the section 902 claims.

■ The section 902 portions of the complaint also requested that DEQ and "Rissler be required to comply with the permitting process * * *." Rissler was proceeding under the ten-acre exemption and was not required to comply with the permitting process; therefore, the complaint was properly dismissed.

Appellants' complaint also requested Rissler's "application for permission to mine under the 10 acre exemption * * * be declared null and void and in violation of that statute and the rules and regulations promulgated in connection therewith * * *." Again, appellants have misunderstood the requirements of the Act. Under the ten-acre exemption an operator is required to "notify the land quality division of the department of environmental quality of the location of the land to be mined before commencing operations." Wyo.Stat. § 35–11–401(e)(vi). The statute required Rissler to provide DEQ with notice, which had been done. There are no facts which appellants did or could allege that would change our finding on this matter of law.

■ The district court was also correct concluding that even if the section 902 count was proper it was improperly venued against DEQ and thus deprived the district court of jurisdiction. Section 902 requires

that any action brought against DEQ to compel compliance must be brought in Laramie County. Wyo.Stat. § 35–11–902(b) (1988). The action against DEQ was filed in Natrona County and was, therefore, improperly venued. Noncompliance with clear statutory requirements deprives the court hearing the case of subject matter jurisdiction or the ability to issue a valid judgment. *Matter of TRG*, 665 P.2d 491, 498 (Wyo.1983). Therefore, the portion of the action against DEQ was not properly before the Natrona County District Court and was properly dismissed as a matter of law.

■ Even if appellants sought the proper type of relief, they failed to follow the notice requirements. The statute requires the party seeking relief to provide the department and the violator with notice of its intention to file suit sixty days before filing suit. Wyo.Stat. § 35–11–902(c)(i) (1988); *Belle Fourche Pipeline Co. v. Elmore Livestock Co.*, 669 P.2d 505, 510–11 (Wyo. 1983). Appellants sent notice to DEQ of their intention to file suit on November 12, 1990, and sent a second notice on November 27, 1990. Appellants filed their complaint on November 15, 1990; therefore, the notice sent by appellants did not satisfy the statutory notice requirements.[11]

## APPELLATE SANCTIONS

Rissler seeks appellate sanctions pursuant to the Wyoming Rules of Appellate Procedure:

When, in a civil case, the judgment or final order is affirmed, appellee shall recover the cost for typewriting and reproducing his brief * * *. If the court certifies that there was not reasonable cause for the appeal, there shall also be taxed * * * a reasonable fee * * * to the counsel of the appellee, and to the appellee damages in such sum as may be reason-

---

**11.** Appellants allege that there was an imminent threat which justifies their failure to satisfy the notice requirement. Even if this were accurate, the failure to satisfy the other section 902 requirements makes the district court's dismissal justified even if Rissler's activities constituted an "immediate threat." The allegation of imme-

diate threat is dubious given the nature of the violations appellants alleged and given the fact that DEQ's Air Quality Division issued Rissler an air quality permit for the quarry, finding it would have limited impacts on public health and safety.

able, not exceeding two thousand dollars ($2,000.00) * * *.

Wyo.R.App.P. 10.05.

Although many of the allegations and arguments made by appellants' counsel are specious and without merit, we decline to award appellate sanctions in this case. *Lange v. Lawyer's Title Co.*, 741 P.2d 109, 113 (Wyo.1987).

## CROSS–APPEAL

Along with the motion to dismiss filed by Rissler, Rissler also requested costs and attorney fees pursuant to Wyo.Stat. § 1–14–128:

> In any civil action whether based on tort, contract or otherwise, the signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in the facts and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Wyo.Stat. § 1–14–128 (1988 & Supp.1991).

The district court made its determination that an award of attorney fees was not warranted, and we agree. Therefore, the district court's decision not to award attorney fees is affirmed.

## CONCLUSION

Appellants' claims have been carefully reviewed, and we hold they are without merit. Once the condemnation was successful appellants did not have a remaining legal interest which was cognizable under the Act. In addition, appellants did not comply with the statutory requirements of the Act. The remedies appellants sought were not available under the provisions of the Act; thus, appellees were entitled to judgment as a matter of law. The sum-mary judgment dismissal by the district court is affirmed.