**RISSLER & McMURRY, a Wyoming Corporation, Appellant (Plaintiff),**

v.

**George William SNODGRASS, Phyllis J. Snodgrass, State of Wyoming Farm Loan Board, Rodney L. Stalkup and Laura Stalkup, Appellees (Defendants).**

No. 92–163.

Supreme Court of Wyoming.

June 9, 1993.

Rehearing Denied July 20, 1993.

Donald J. Rissler of Central Wyoming Law Associates, P.C., Riverton, for appellant.

Jeffrey C. Gosman, Casper, for appellees Snodgrass and Stalkup.

Mary L. Scheible, Asst. Atty. Gen., for appellee State of Wyo.

Before MACY, C.J., THOMAS and GOLDEN, JJ., ROONEY, Ret. J., and LANGDON, Ret. District Judge.

ROONEY, Justice (Retired).

This appeal is from a judgment on a jury verdict in an eminent domain action. The verdict was in the amount of $182,034 for 5.45 acres of land taken for a mine haul road across pasture land. Appellant lists five issues for our review, one of them is worded:

> "Whether it was error for the Court to fail to further instruct the jury in open Court and on the record and whether it was error for the Court to fail to maintain a post deliberation instruction for the record in accordance with Wyo.Stat. § 1–11–205 thereby preventing appellate review."

Since we do find error therein, we must reverse and remand for a new trial, and thus it is unnecessary to consider the other four alleged errors.

After the case was given to the jury and during the jury deliberations, the jury sent a note to the court asking for an additional instruction. The court answered the request through a return written message. The same was not done in open court or made a matter of the reported record.

Wyo.Stat. § 1–11–209 (1988) provides:

> "After the jurors have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case, they may request the officer to conduct them to the court where information upon the matter of law shall be given. The court may give its recollection as to the testimony on the points in dispute, in the presence of or after notice to the parties or their counsel."

In this case, after the jury made known its desire to be informed concerning a part of the law arising in the case, the requirement of the statute to "conduct them to the court where information upon the matter of law shall be given" was not followed. Nor was the instruction made part of the record as required by Wyo.Stat. § 1–11–205(a)(vii) (1988). It provides in pertinent part: "All instructions given by the court together with those refused shall be filed as a part of the record."

[1] The statutory directions and the court rules concerning the manner in which jury trials are to be conducted are mandatory and are for the purposes of protecting the fundamental rights of the parties, e.g. in this instance: to have only open court official contact with the jury by the court and/or counsel after submission of the case to the jury, together with the maintenance of a record on the instructions given to the jury.

The unusual aspect in this case is that the jury contact and subsequent *procedure* occurred with full knowledge of both counsel. Although the substance of the incident is not here pertinent, jurymen affidavits made subsequent to the incident and acknowledgements of judge and both counsel reflect that the jury requested an instruction on whether they could fix their own value, or whether they must accept a value fixed by a witness. The return mes-

 

sage from the court provided such instruction.

If the court's instruction had been given to the jury after they had been conducted back before the court, and if it had been made a matter of the record, the requirements of the statutes and rules would have been met, and there would be no error. However, such was not done, and even though an objection was not made thereto (in fact, there is indication to the contrary, i.e., that it was done with the approval of counsel),[1] there was plain error in the proceedings.

"Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." W.R.A.P. 9.05. To qualify as plain error, there must be (1) a clear record of what happened at the hearing, (2) a clear and unequivocal rule of law shown to exist, and (3) the facts of the case must clearly and obviously transgress such rule. *Mason v. State*, 631 P.2d 1051, 1057 (Wyo. 1981); *Westmark v. State*, 693 P.2d 220 (Wyo.1984). We have here a clear record of what happened procedurally (part of such clear record is the fact that the occurrence was not made a part of the trial record). The applicable statute and rule are noted, and they were clearly transgressed.

Agreement to the procedure by appellant's counsel may be suggested here. Parties to a legal contest may stipulate and agree to many aspects thereof, but we cannot give approval or effect to such when the agreement is to disregard or circumvent the specific requirement of a statute or rule. For extreme examples: We cannot accept or approve agreements (1) that the trial shall be before a jury of 50, (2) that the taking in eminent domain may be for a purpose not specified by law, or (3) that one not qualified as an expert (other than the owner) may testify as to value in a condemnation case.

Since plain error exists in the procedural aspect, i.e., the jury instruction was given in response to the jury inquiry made after the case was submitted to it, the case must be remanded for a new trial.

---

1. The district court judge in this case was a learned and experienced judge. He was undoubtedly misled by the acquiescence of counsel in this respect.