**W. Dean HIRSCH and Jamie L. Hirsch, Appellants (Plaintiffs),**

v.

**Bob G. McNEILL and Dorothy O. McNeill, Appellees (Defendants).**

No. 93–101.

Supreme Court of Wyoming.

March 17, 1994.

W. Dean Hirsch and Jamie L. Hirsch, appellants, pro se.

R. Scott Kath and Tracy J. Copenhaver, Copenhaver, Kath & Kitchen, Powell, for appellees.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

CARDINE, Justice.

Appellants, W. Dean Hirsch and Jamie L. Hirsch (Hirsches), appeal from a district court order dismissing their quiet title action against appellees, Bob G. McNeill and Dorothy O. McNeill (McNeills). The district court dismissed appellants' case because they did not have an interest in the real estate in which they sought to quiet title.

We affirm that dismissal.

The Hirsches present several issues:

1. Whether the district court had subject matter jurisdiction to hear and determine an exclusive state law cause of action—a Quiet Title Action.

2. Whether the United States is an indispensable party in the instant matter under Wyoming Rule of Civil Procedure 19.

3. Whether the Justice Court had subject matter jurisdiction to hear and determine a forcible entry and detainer action based upon the facts in the instant matter.

4. Whether the Hirsches have attempted to circumvent jurisdiction of the Federal Court and the Park County, Wyoming, Justice Court by claiming this is a "Quiet Title Action."

## FACTS

On May 22, 1978, the Hirsches conveyed title to their home (the property), located at 920 West Seventh Street in Powell, Wyoming, to the Hidden Oak Trust. On October 5, 1984, the United States brought suit, in the United States District Court for the District of Wyoming, against the Hirsches and the Hidden Oak Trust for delinquent income taxes for the years 1974–1979. On December 17, 1984, that federal district court entered a default judgment against the Hidden Oak Trust in the amount of unpaid taxes and interest alleged to be due from the Hirsches. The Hirsches, sometime in early 1985, tried to appeal the default judgment against the Hidden Oak Trust to the Tenth Circuit Court of Appeals, but the Tenth Circuit dismissed the appeal in April 1985.

On October 29, 1986, the United States District Court for the District of Wyoming issued a judgment on the pleadings against the Hirsches and the Hidden Oak Trust in favor of the United States, and ordered in part:

3. That the United States be, and hereby is, granted judgment on the pleadings;

4. That the United States have judgment against W. Dean Hirsch in the sum of $185,765.33, plus accrued interest.

5. That the United States be, and hereby is, authorized to foreclose tax liens held by it against the property at 920 W. 7th Street, Powell, Wyoming[.]

Neither the Hirsches nor the Hidden Oak Trust appealed from that federal judgment and order.

Pursuant to the above judgment and statutory authority provided in 26 U.S.C. § 6331, the United States, on June 25, 1992, seized the property and notified the Hidden Oak Trust, the record owner, of the seizure. On August 11, 1992, pursuant to 26 U.S.C. § 6335, the United States sold the seized property by sealed bid to the McNeills and issued the McNeills a certificate of sale. The Hidden Oak Trust did not redeem the property within 180 days, as permitted by 26 U.S.C. § 6337; thus, on February 8, 1993, the United States issued a quit claim deed for the property to the McNeills. On February 9, 1993, the McNeills began a forcible entry and detainer action by giving written notice to the Hirsches and the Hidden Oak Trust to quit the premises, pursuant to W.S. 1–21–1003.

■ On February 11, 1993, the Hirsches filed a complaint in the Fifth Judicial District Court of Wyoming, against the McNeills, to quiet title to the subject property. The complaint in the quiet title action alleged that the certificate of sale and the quit claim deed issued by the United States to the McNeills were invalid because the United States allegedly committed a number of procedural errors when assessing the tax deficiency and when seizing and selling the property. Actions to quiet title are governed by W.S. 1–32–201 (1988), which provides:

An action may be brought by a person in possession of real property against any person who claims an estate or interest therein adverse to him, for the purpose of determining the adverse estate or interest. The person bringing the action may hold possession himself or by his tenant.

In order to maintain a quiet title action, the plaintiff must have (1) possession, and (2) legal title or some interest in the property. *Black v. Beagle,* 59 Wyo. 268, 286, 140 P.2d 594, 595, 148 A.L.R. 243 (1943).

The McNeills answered the complaint, raising several defenses including the Hirsches' failure to state a cause of action for which they are entitled to relief, res judicata, judicial estoppel, collateral estoppel, and waiver, and asserting a counterclaim in ejectment.

On February 15, 1993, the McNeills filed a complaint for forcible entry and detainer against the Hirsches in Park County Justice Court. On March 3, 1993, the Hirsches moved for partial summary judgment in their quiet title action, seeking a court order quieting their title. The district court, on March 9, 1993, dismissed the Hirsches' quiet title action, finding that the Hirsches were improperly using the quiet title action to undermine the federal court's and the Park County Justice Court's jurisdiction and trying to appeal a federal judgment in state court. The Hirsches appeal from that judgment.

## DISCUSSION

In their briefs, neither the Hirsches nor the McNeills addressed the appropriate standard of review. Additionally, the district court's order does not specify which rule in the Wyoming Rules of Civil Procedure it was invoking in its dismissal of appellants' case. In their answer to the Hirsches' complaint, the McNeills raised W.R.C.P. 12(b)(6) as an affirmative defense. "[A] Rule 12(b)(6) motion to dismiss is converted to a Rule 56 motion for summary judgment if materials outside the pleadings are considered. If affidavits are considered, conversion occurs automatically." *Stalkup v. State Dep't of Environmental Quality,* 838 P.2d 705, 709 (Wyo. 1992) (citations omitted); see also *LC v. TL,* 870 P.2d 374 (Wyo.1994).

■ In this case conversion occurred automatically when the court considered the number of exhibits submitted by the McNeills and the Hirsches filed a motion for partial summary judgment along with affidavits and numerous exhibits. *Stalkup,* 838 P.2d at 709. The Hirsches waived the ten-day response period for a converted motion because they failed to object to the McNeills' exhibits attached to their pleadings and since the Hirsches submitted affidavits and exhib-

its themselves. *Id.* Therefore, we review the district court's order as one granting summary judgment, and

> we [must] make a dual finding that no genuine issue of material fact exists, and that the prevailing party was entitled to judgment as a matter of law.

*Davidson v. Sherman,* 848 P.2d 1341, 1343 (Wyo.1993).

■ Although the Hirsches in their complaint alleged that they are the owners of the property to which they seek to quiet title, the record clearly does not support that allegation. In their motion for partial summary judgment, the Hirsches failed to present any proof of their claim of title or even that they had "color of title." "Color of title" is "an instrument which has a semblance or appearance of title but is not title in fact or law." *Doenz v. Garber,* 665 P.2d 932, 936 (Wyo. 1983). The only document the Hirsches presented which addresses title to the property is the IRS's "Record of Seizure and Sale of Real Estate," which states that the Hidden Oak Trust (not the Hirsches) owned the property before the seizure and sale.

Additionally, the exhibits presented by the McNeills support a conclusion that the Hirsches have no claim of title or "color of title" to the property. Attached to the McNeills' answer is a 1986 federal district court judgment against the Hirsches and the Hidden Oak Trust, which finds that the Hirsches had "conveyed the property to the Hidden Oak Trust * * *."

In their briefs, the Hirsches assert that they do have an interest in the property because they allegedly conveyed the property to the Hidden Oak Trust as "nominee" and not in fee. As proof of that allegation they refer to the same 1986 federal district court judgment offered by the McNeills as an attachment to their answer, which states:

> It is alleged that Mr. Hirsch and his wife, Jamie L. Hirsch, owned real property at 920 West 7th Street, Powell, Wyoming, as tenants by the entirety until May 22, 1978, when they conveyed the property to the Hidden Oak Trust, which is alleged to hold the real estate as nominee of Mr. Hirsch.

Once the McNeills denied the Hirsches' allegation of legal title, it was incumbent upon the Hirsches to prove their title. *McAlpin v. Smith,* 123 Mont. 391, 213 P.2d 602, 603 (1950); *York v. James,* 62 Wyo. 184, 203, 165 P.2d 109, 114–15, 162 A.L.R. 730 (1946); 65 Am.Jur.2d *Quieting Title* § 78 (1972); see also *Black,* 59 Wyo. at 286, 140 P.2d at 595 (holding that plaintiff must have title to or some interest in the property in order to maintain a quiet title action). The allegation by appellants in their brief is not sufficient proof of legal title, "color of title," or of any interest the Hirsches allege to hold in the property. Based on this record, the Hirsches have utterly failed to prove title or any interest in the property. Therefore, as a matter of law, the Hirsches cannot quiet title.

### CONCLUSION

The Hirsches filed a complaint to quiet title and properly alleged possession and title. The McNeills answered in part by denying the Hirsches' title and by asserting that the Hirsches had failed to state a claim upon which relief could be granted. In response, the Hirsches filed a motion for summary judgment with supporting affidavits and exhibits. However, the affidavits and exhibits contained no evidence of the Hirsches' title or an interest in the property at issue. Because it is clear upon the record that the Hirsches are without title or an interest in the property, as a matter of law they may not maintain an action to quiet title, and the district court's summary judgment dismissal was correct.

We affirm.