**Donald L. ALM, Sr., and D.A. Stinger Service, Inc., a Wyoming corporation, Appellants (Plaintiffs),**

v.

**M. Kyle SOWELL and Alcova Lakeside Marina Limited, a Wyoming limited partnership, Appellees (Defendants).**

No. 94–112.

Supreme Court of Wyoming.

July 28, 1995.

Jerry A. Yaap of Bishop, Bishop & Yaap, Casper, for appellants.

Keith P. Tyler, Casper, for appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

We review whether the district court observed required procedures in converting a motion to dismiss to a motion for summary judgment and, more specifically, whether the appellants were provided reasonable notice and an opportunity to respond to that conversion.

We affirm.

Appellants, Donald L. Alm, Sr. (Alm) and D.A. Stinger Service, Inc. (Stinger), state these issues:

    1. Whether the district court erred by consideration of materials outside the pleadings without proper notice of conversion to summary judgment and a reasonable opportunity to present pertinent material.

    2. Whether the trial court erred in ruling that no genuine issue of material fact exists and that defendants are entitled to judgment as a matter of law because the proper standard is whether appellant's complaint states a claim upon which relief can be granted.

Appellees, M. Kyle Sowell (Sowell) and Alcova Lakeside Marina Limited (Marina)[1], restate the issues:

1. Before his November 1989 bankruptcy, Sowell    did business as the Alcova Lakeside Marina and

1. Whether or not plaintiff waived notice requirements of Rule 12(b)(6) regarding conversion to a motion for summary judgment under Rule 56.

2. Whether the court's decision is supportable under Rule 12(b)(6).

A detailed recitation of the procedural and factual background is essential to disposition of this case. During the late summer of 1988, Alm, through his construction company Stinger[2], performed construction work valued at $13,138.00 for Sowell at the Alcova Marina. It was understood from "the get-go" that Sowell would be unable to pay for that work. Therefore, in April 1989 Sowell and Alm agreed the sum due would be paid as follows: (1) eight year's boat dock and lot rent, valued at $6,480.00; (2) lot rent for Mitch Alm for 1989, valued at $550.00; (3) balance to be paid at $1,000.00 per year in services until paid, valued at six years of $1,000.00 and one year of $108.00. Alm alleged he placed a mobile home on the lot he received and made other improvements to it worth $35,000.00. Further, he averred the Marina honored the April 1989 agreement from 1989 through 1993. In 1994, the Marina informed Alm he would be required to remove his property from both the boat dock and the lot.

These proceedings began on March 10, 1994, when Alm filed a "VERIFIED PETITION," seeking: A declaration of the parties' rights; an injunction preventing the Marina from removing Alm's improvements; and for other relief. Sowell moved to dismiss on March 22, 1994, asserting that a confirmed Chapter 11 bankruptcy plan fully satisfied the Marina's obligations to Alm and Stinger. Alm's petition was heard, in part, on March 23, 1994, but the hearing was not reported. On April 13, 1994, Alm filed an amended complaint, asserting causes of action in six counts. On April 15, 1994, Sowell and the Marina moved to dismiss the complaint, annexing: A copy of the bankruptcy court's "SECOND AMENDED PLAN OF REORGANIZATION;" a schedule of creditors with unsecured claims (including Alm's, as a "trade debt" of $9,760.00); a copy of the mailing matrix for the Sowell bankruptcy which included Alm's name and address; and, Alm's ballot accepting the reorganization plan. Sowell also attached various provisions of the bankruptcy code for convenient use by the district court. On April 15, 1994, Alm filed a brief opposing the motion to dismiss. As a preface, he declared:

Plaintiffs concede that, in the normal bankruptcy situation, executory contracts must be submitted to the Bankruptcy Court for approval and an Order obtained approving the executory contract. Plaintiffs have ordered a transcript of hearing from the Bankruptcy Court as of April 11, 1994, and reserve the right to examine that transcript and produce that transcript for the Court to determine whether or not such an Order should have been entered in the Bankruptcy Court approving the Plaintiffs' contract with Defendant, M. Kyle Sowell * * * dated April 4, 1989.

Continuing, Alm asserted Sowell was insolvent when he did his work and that the parties agreed Alm would not be "paid." Rather, Alm would receive dock and lot rentals, as well as other services, in lieu of payment. When Sowell, dba Alcova Lakeside Marina, actually went through bankruptcy, Alm was included as a creditor, but Stinger was not. Alm asserts no payments were ever made by the Marina under the bankruptcy plan. Rather, for a period of five years, all payments were made by the new limited partnership under Sowell's and Alm's April 1989 agreement. In February 1994, the Marina directed Alm to vacate the marina area or his property would be removed. That event triggered this lawsuit.

Alm's legal theory was that, because Sowell and the Marina made no attempt to comply with the bankruptcy plan, but rather honored the April 1989 agreement, Alm was

---

their claims are essentially identical. As we will explain more fully below, Alcova Lakeside Marina Limited, a limited partnership, emerged from the bankruptcy as the entity succeeding Sowell as operator of the Alcova Marina. Sowell became the principal partner in the Marina, as well as the managing partner.

2. For the most part, Alm's and Stinger's claims are identical and we will generally refer to them only as Alm's. An occasional reference to Stinger is included where it enhances clarity, to the extent that can be achieved in this case.

lulled into waiving his rights under the bankruptcy plan. Alm continues that, in addition to effectually waiving his right to have the assets of the partnership liquidated, he expended over $35,000.00 improving the "property" he received under the April 1989 agreement. Alcova countered that the "free" dock and lot rentals for the years 1989–1993 were, in fact, the payments due Alm under the bankruptcy plan and everything due was paid. On April 19, 1994, Sowell's motion to dismiss was heard by the district court. That hearing also was not reported.

On April 21, 1994, the district court issued a decision letter, converting the motion to dismiss to a motion for summary judgment and finding generally in favor of Sowell and the Marina. By order entered on May 2, 1994, the district court granted summary judgment in their favor on five of six counts of the complaint. Alm appealed that judgment on May 3, 1994. The appeal was docketed in this court on May 31, 1994. Pursuant to a motion to dismiss the appeal, for the reason that the judgment was not appealable because of the limitation found in WYO.R.CIV.P. 54(b), we remanded the matter to consider Rule 54(b) certification. That was not done. Instead, the remaining sixth count of the complaint [3] was set for trial and finally adjudicated. On December 2, 1994, a copy of the final judgment was received in this court and the briefing schedule for this appeal began. On January 17, 1995, appellants' brief was filed and on February 27, 1995, appellees' brief was filed. By order entered on March 9, 1995, the case was placed on the expedited docket and assigned for resolution at conference on May 2, 1995.

Alm's arguments in this appeal are rather lean. He contends the district court erred in not giving the required notice that the motion to dismiss was converted to a motion for summary judgment. WYO.R.CIV.P. 12(b) provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

■ Alm does not contend that conversion was improper, but only that he did not receive adequate notice. WYO.R.CIV.P. 56, in combination with WYO.R.CIV.P. 6(c), establishes a general requirement that the non-moving party receive ten day's notice of conversion in order to file opposing matters (or seek a continuance under WYO.R.CIV.P. 56(f)). *Stalkup v. State, Dept. of Environmental Quality*, 838 P.2d 705, 709 (Wyo.1992). The essence of Alm's claim is that he did not receive that ten day notice. That appears to be genuine at first blush. A precise examination of the record as a whole, however, convinces us that the issues in this case were fully joined in the March 1994 proceedings.[4] Thus, Alm was on notice thereafter of the position to be taken by Sowell and the Marina at the already scheduled April 19, 1994, hearing. Moreover, although the district court was somewhat hasty in issuing its decision letter, the judgment itself was not entered until May 2, 1994. Therefore, after Sowell and the Marina had filed their motion to dismiss, which included matters outside the pleadings (which arguably were dispositive of Alm's complaint), Alm had more than two weeks in which to file whatever materials he wished to call to the attention of the district court, or to seek a continuance.[5] No issue is specifically raised, and none is sus-

---

**3.** This count included a claim by Alm for other services performed by Stinger in 1991, as well as a counterclaim by the Marina for bills left unpaid by Alm. These matters are not a subject of the appeal.

**4.** Sowell and the Marina attempted to supplement the record with a statement of what transpired at the unreported hearings mentioned above. That supplementation was denied by the district court on the basis that the district court had no independent recollection of the proceedings.

**5.** At no point in the proceedings below, or in the process of this appeal, has Alm delineated how the transcript he asked leave to provide, or any other materials for that matter, would affect the resolution of this case.

tainable from the record extant, that Alm was unfairly or inappropriately surprised by the conversion. *See Shriners Hospitals v. First Security Bank,* 835 P.2d 350, 357 (Wyo. 1992).

We hold that Alm received reasonable notice of the conversion of Sowell's motion to dismiss to a motion for summary judgment and, although these circumstances are somewhat unusual, a fair opportunity to present his materials opposing the summary judgment.

We have determined that the motion to dismiss was properly converted to a motion for summary judgment and that Alm received reasonable notice of the conversion. The proper standard for the district court to have employed under these circumstances is that applicable to a motion for summary judgment. *Stalkup,* 838 P.2d at 708–10. Therefore, we also hold that the district court did not err in deciding the issues under the summary judgment standard.

The judgment of the district court is affirmed.