George William SNODGRASS, Phyllis J. Snodgrass, and Rodney L. Stalkup, Appellants (Defendants),

v.

RISSLER & McMURRY COMPANY, a Wyoming corporation, Appellee (Plaintiff).

RISSLER & McMURRY COMPANY, a Wyoming corporation, Appellant (Plaintiff),

v.

George William SNODGRASS, Phyllis J. Snodgrass, and Rodney L. Stalkup, Appellees (Defendants).

Nos. 94–278, 94–279.

Supreme Court of Wyoming.

Sept. 26, 1995.

Jeffrey C. Gosman of Gosman Law Offices, Casper, for Appellants Snodgrasses and Stalkup.

Donald J. Rissler and John R. Hursh of Central Wyoming Law Associates, Riverton, for Appellee and Cross–Appellant Rissler & McMurry Co.

Before GOLDEN, C.J., THOMAS, MACY and LEHMAN, JJ., and ROGERS, D.J.

LEHMAN, Justice.

These consolidated appeals arise out of a condemnation action initiated by Rissler & McMurry Company (Rissler) to obtain access to a ten-acre limestone mining quarry. In case 94–278, George and Phyllis Snodgrass and Rodney Stalkup (hereinafter Snodgrass), the owners of the land which Rissler sought to condemn, appeal the denial of an award of attorney fees. In case 94–279, Rissler appeals the awarding of costs to the landowners and the denial of an award of costs to Rissler.

We affirm.

In case 94–278, Snodgrass presents three issues for review:

1. Does Wyoming follow the general rule that if a condemnation action is either commenced or dismissed in bad faith or if the condemnor fails to prosecute the action diligently, attorney's fee[s] will be allowed?

2. If the answer to the first question is yes, then did the allegations contained in the [Snodgrass'] motion and brief in support of the award of attorney's fees and the taking of judicial notice of the entire record of proceedings in the case constitute sufficient evidence of "bad faith" to create a factual issue?

3. If a factual issue was presented did the court err in failing to take evidence on the issue to support a ruling?

Rissler responds with a single issue:

Did the court abuse its discretion in failing to award [Snodgrass] attorney fees in this condemnation proceeding?

In case 94–279, Rissler raises three issues:

[1.] Whether the court erred as a matter of law in awarding [Snodgrass] costs because the jury failed to return a verdict in an amount greater than [Rissler's] final offer.

[2.] Whether the court abused its discretion in not awarding [Rissler's] costs after an offer of judgment was tendered.

[3.] Whether the court abused its discretion in awarding specific cost items which are in excess of and/or not contemplated by Uniform District Court Rule 501.

Snodgrass failed to file a brief in opposition in this case.

## FACTS

The factual and procedural history of this case was set out in this court's opinions in *Stalkup v. State Dep't of Envtl. Quality,* 838 P.2d 705 (Wyo.1992) and *Rissler & McMurry v. Snodgrass,* 854 P.2d 69 (Wyo.1993). To recap, Rissler wanted to open a limestone quarry on State land near the Bessemer Bend area of Natrona County. The Department of Environmental Quality (DEQ) granted a permit to Rissler to mine a ten-acre area which, under an exemption, does not require a mining permit. W.S. 35–11–401(e)(vi) (1988).

Rissler then sought an easement across Snodgrass' adjoining property for a road to haul the limestone. An agreement could not be reached between the parties, so Rissler filed a successful condemnation action and obtained a thirty-foot surface easement across the Snodgrass property. Thereafter, Snodgrass filed an action demanding that the DEQ and Rissler comply with the permitting process and requesting civil penalties and attorney fees.

In *Stalkup,* we affirmed the district court's dismissal of Snodgrass' action. We held that Rissler had complied with the notice and consent requirements of the ten-acre mining exemption. 838 P.2d at 711. We also concluded that once Snodgrass' land was condemned, they were no longer an "affected landowner" and, consequently, could not seek civil damages against Rissler pursuant to W.S. 35–11–901(a) (1988).

Later, a trial was held on Snodgrass' eminent domain action seeking damages for the condemnation of their land. *Rissler & McMurry,* 854 P.2d at 70. A jury awarded Snodgrass $182,034 for the 5.45 acres of land taken for the road. *Id.* On appeal, this court reversed concluding that a procedural error during jury deliberations amounted to plain error. 854 P.2d at 71. We reversed and remanded for a new trial. *Id.*

Prior to retrial, Rissler moved to dismiss its condemnation action and the court granted the motion pursuant to W.R.C.P.

71.1(k)(3). A trial was then held on the amount of damages owed Snodgrass for the period of time when Rissler possessed the road. The jury returned a verdict of $8,284. That award is not at issue here.

The disputes in the two cases before us concern motions made by both parties in conjunction with the second trial. Snodgrass moved for an award of attorney fees based upon its allegation that Rissler had instituted the condemnation action in bad faith. Snodgrass further claimed that Rissler had not pursued the condemnation with diligence, also entitling them to an award of attorney fees. The trial court denied the motion, finding that the allegations of bad faith did not rise to the level of proof required. Snodgrass appeals that ruling in case 94–278.

Snodgrass also sought an award of costs. Rissler moved for an award of its costs and objected to Snodgrass' motion, arguing that it had made an offer of judgment on June 13, 1994, of $7,103.50 plus a cattle guard with a fair market value of $3,550.00, for a total of $10,653.50 which was greater than the amount the jury awarded Snodgrass after the trial. The trial court overruled Rissler's objection, denied its motion and awarded Snodgrass costs based upon their status as the prevailing party. Rissler now appeals in case 94–279.

## DISCUSSION

Snodgrass asks us to allow an action for attorney fees when a party has instituted or dismissed a condemnation proceeding in bad faith or has injected unwarranted delay by extending the proceeding in bad faith. We need not decide if, in such a situation, attorney fees are available because the record clearly indicates that there was no bad faith on the part of Rissler.

■ Wyoming follows the American rule that each party is normally responsible for his or her own attorney fees. *Devous v. State Bd. of Medical Examiners,* 845 P.2d 408, 418 (Wyo.1993); *UNC Teton Exploration Drilling, Inc. v. Peyton,* 774 P.2d 584, 594 (Wyo.1989). There are two exceptions to this rule: when there is an express statutory authorization or a contractual provision that allows for an award of attorney fees to a party. *Devous,* 845 P.2d at 418. We have denied attorney fees where neither exception is applicable. *Sheridan Commercial Park, Inc. v. Briggs,* 848 P.2d 811, 817 (Wyo.1993). We have, however, allowed attorney fees in one situation even though there was no statutory or contractual basis for doing so. In a replevin action, a party may be awarded attorney fees when they can show that "fraud, malice, oppression or wilful wrong" has occurred. *Olds v. Hosford,* 354 P.2d 947, 950 (Wyo.1960).

■ In this case it is quite clear from the record that no "fraud, malice oppression or wilful wrong" is present. Snodgrass makes broad allegations of wrongful conduct on the part of Rissler. Snodgrass' claim of bad faith is premised on the contention that Rissler sought to circumvent the permitting process required under the Environmental Quality Act by utilizing the ten-acre exemption and when that strategy failed, Rissler then dismissed their condemnation action in bad faith—*i.e.,* to avoid a large award.

The Snodgrass allegations are without merit or support in the record. Snodgrass asserts that Rissler used the ten-acre exemption solely to circumvent the full permitting process required for mining operations greater than such size. However, it is undisputable that Rissler complied with the law in mining the quarry pursuant to the ten-acre exemption, as this court has previously found. *Stalkup,* 838 P.2d at 710–12. Quite simply, the law allowed Rissler to operate their ten-acre quarry; Rissler needed a road easement to remove the product of its mine, so it condemned Snodgrass' property. *Id.,* at 708. Other than making broad claims of bad faith, Snodgrass fails to cite anything appearing in the record which could even remotely infer bad faith on the part of Rissler. We conclude that Rissler acted within the confines of the law in mining the quarry utilizing a ten-acre exemption and, therefore, there was no bad faith.

Snodgrass also claims that Rissler acted in bad faith by extending the condemnation proceeding over a long period of time. This claim is premised upon a finding that Rissler initiated the condemnation proceeding in bad

faith. We have already rejected that claim; accordingly, this claim must also fail.

■ Finally, Snodgrass alleges that Rissler dismissed the condemnation action in bad faith. Again, we find no such evidence in the record. What the record does disclose is that Rissler abandoned its attempt to expand the quarry. The district court was required by W.R.C.P. 71.1(k)(3) to allow dismissal upon a showing of good cause. The district court found good cause, and we find no abuse of discretion in that decision.

In case 94–279, Rissler argues that the district court abused its discretion in awarding Snodgrass costs pursuant to Uniform District Court Rule 501. Rissler also argues that it was an abuse of discretion for the court to deny Rissler costs. Rissler's claim is predicated upon its contention that the final award to Snodgrass was less than the amount offered them in Rissler's final offer of settlement.

On June 13, 1994, Rissler made an offer (hereinafter "first offer") under our Wyoming Rules of Civil Procedure to Snodgrass for $7,103.50 plus the cost of a cattle guard Rissler had installed on the easement. That offer was rejected by Snodgrass, and Rissler responded with another offer (hereinafter "second offer") on June 17, 1994, for $9,000.00 in cash. Snodgrass did not accept that offer either; and, after trial, the jury awarded Snodgrass $8,284.00.

Rissler objects to the district court's award of costs to Snodgrass, arguing that the amount of its offer was greater than the final jury award and, pursuant to the terms of W.R.C.P. 68, it was entitled to costs. The district court overruled Rissler's objection, finding that the first offer was improper because it offered property when, in a suit for the recovery of money, only a money offer was proper. The district court noted that the second offer was also invalid since it did not comply with W.R.C.P. 68, as it was made less than ten days before the trial.

■ The second offer, since it was not made prior to ten days before trial, is ineffective under the rule; and the district court was correct in not considering it. Wright & Miller, *Federal Practice and Procedure*

§ 3003 (1973 & 1995 supp.); *Cheek v. McGowan Elec. Supply Co.,* 511 So.2d 977, 981–82 (Fla.1987); W.R.C.P. 68.

Rissler claims on appeal that the first offer was valid under Rule 68 and that the money offered, coupled with the value of the cattle guard, was greater than the subsequent judgment obtained by Snodgrass. Although in their Plaintiff's Motion for Costs Rissler sets out an itemized list of the value of the cattle guard and its installation costs, the offer of judgment simply recites the offer of the cattle guard; it does not set out a value for it.

■ An offer of judgment, to be effective, must be for a definite sum. Wright & Miller, at § 3002; *Stockton Kenworth, Inc. v. Mentzer Detroit Diesel, Inc.,* 101 Nev. 400, 705 P.2d 145, 148 (1985) ("the offer must be for a definite or ascertainable amount so that the parties can be unequivocally aware of what the defendant is willing to pay for his peace"); *Davis v. Chism,* 513 P.2d 475, 481 (Alaska 1973). Accordingly, since the offer must be for a definite or ascertainable amount, later proof cannot cure any defect in the offer since the party to whom the offer was made must base their decision to accept or reject solely on what is contained within that offer. A later motion is not the proper means to establish that value. Furthermore, a party is not entitled to more than one attempt to prove an element of their case. *Pekas v. Thompson,* 903 P.2d 532, 536 (Wyo. 1995). We find that the first offer of judgment by Rissler was ineffective for a failure to provide a definite sum and affirm the district court's denial of Rissler's motion for costs. We expect that in the future counsel will, when including anything in an offer for judgment where value is not easily ascertainable or subject to dispute, include proof of that value when making their offer.

Finally, Rissler claims that the district court abused its discretion when it allowed costs to Snodgrass as the prevailing party. After a careful review of the record, we find no abuse of discretion and affirm the district court's ruling in its entirety.

## CONCLUSION

There is no evidence in the record to support an allegation of bad faith on the part of Rissler in any aspect of this case, and the district court was correct in denying the motion for attorney fees. We also find no abuse of discretion in the disposition of costs by the district court. The district court is affirmed in cases 94–278 and 94–279.