Phillips v. Bishop.

No. 18,713.

MARY BISHOP PHILLIPS, *Appellee*, v. NANCY BISHOP
et al., *Appellants*.

### SYLLABUS BY THE COURT.

1. CONTRACT—*Relating to Personal Property—Part Performance
—When Specific Performance Will be Decreed.* Modern courts
have shown a tendency to depart from the old rule that there
can be no specific performance of a contract except for the
conveyance of real estate, and where there has been part per-
formance, and especially where the services rendered are of a
peculiar character which the parties never intended to be
measured by pecuniary standards, the courts recognize no dis-
tinction between personal property and real property and will
grant relief in either case where there are no circumstances or
conditions which render the claim inequitable.

2. SAME—*Contract for Benefit of Minor Child—Contract Fully
Performed by Minor—Specific Performance Decreed.* In this
case the testimony is held sufficient to sustain a finding that a
written contract was made for the benefit of the plaintiff when
she was two years old, between her father and childless neigh-
bors, husband and wife, by which she was to be received into
their family as their child, reared and cared for by them, and
was to receive at their death all their property; that she had
fully performed her part of the contract; that the husband
died intestate; that the wife afterwards died having willed her
personal property to the defendants, and therefore a decree for
specific performance of the contract against the devisees and
heirs at law is affirmed.

3. WRITTEN CONTRACT—*Lost—Admission of Secondary Evidence
of Contents Not Error.* Where one who was in possession of
a written contract testified to its loss and there was no objec-
tion to testimony as to the contents of the writing on the
ground that a sufficient foundation had not been laid, the only
objection being that the same was incompetent, the objection
was properly overruled.

Appeal from Jackson district court; OSCAR RAINES,
judge. Opinion filed May 9, 1914. Affirmed.

*Joseph G. Waters,* and *John C. Waters,* both of To-peka, for the appellants.

*Charles Hayden, A. E. Crane, F. T. Woodburn,* and *E. D. Woodburn,* all of Holton, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff is the daughter of Samuel and Permelia Slater. In 1872, when she was two years old, her mother died. H. P. Bishop and Catherine Bishop, his wife, were living at Holton at the time; they were about 40 years of age and had no children. They entered into a written contract with the father of the plaintiff by the terms of which they were to take the plaintiff as their own child, educate and provide for her, and at their death she was to have all their property; she was to take the name of Bishop, and it was agreed that her father, brothers and sisters were not to disclose their identity until she was grown. She lived with the Bishops as their child and never knew that she was not their daughter until she was past nineteen years of age. Soon after this she was married under the name of Bishop. H. P. Bishop died intestate in 1892. His widow, Catherine Bishop, sometime thereafter conveyed to plaintiff the home consisting of two lots in Holton and the household goods. Catherine Bishop died in 1911, being at the time the owner of considerable personal property, consisting of moneys, notes, bonds and mortgages. She had made a will devising all her property to the defendants, who are her relatives. The will was probated and an administrator of her estate appointed by the probate court. Plaintiff brought this action for specific performance of the contract.

In addition to a general denial, the answer alleged that there never had been any contract to make the plaintiff the legal heir of the Bishops but that she was taken by them to be raised as their child; that the Bishops had expended large sums of money in educat-

ing her· and in providing her a home; that when she learned that she was not their daughter she lost affection for them and became disobedient; that she married against their advice. The court found that the contract made by her father for her benefit was fully carried out by the plaintiff and decreed specific performance.

The principal error complained of is that the court erred in permitting the plaintiff's father to testify to the contents of the written contract without a sufficient foundation for secondary evidence. The plaintiff testified that she had read the contract and had possession of it when she was 19 years old. She also testified:

"I put it in my desk; my furniture was shipped to Texas and it was lost in it; never saw furniture again; it was in drawer; have not seen contract since; got it from my mother, Mrs. Bishop."

Among the cases cited is *C. K. & N. Rly. Co. v. Brown,* 44 Kan. 384, 24 Pac. 497. In that case it was stated in the opinion that no evidence had been offered tending to show that the writings had been lost or destroyed or that any search had ever been made for them. The evidence here shows the loss of the contract, and moreover a loss under such circumstances that it would seem to have been useless to make any search. We think the same rule should apply as where a paper is shown to have been lost in the mails. In such a case it has been held that proof of the loss is sufficient to let in secondary evidence. (*Shaw v. Pershing,* 57 Mo. 416.) However, it appears that no objection was made to the testimony on the ground that a sufficient foundation had not been laid, nor was plaintiff cross-examined on the subject. Her statement that the· contract was lost when the furniture was shipped to Texas seems not to have been questioned on the trial. The only objection to the testimony as to the contents of the writing was that it was incompetent. The objection was properly overruled.

It is insisted that because Catherine Bishop left nothing but personal property the suit can not be maintained; that plaintiff had an adequate remedy at law to recover the value of the property. Modern courts have shown a tendency to depart from the old rule that there can be no specific performance of a contract except for the conveyance of real estate, and have enforced contracts of this character relating to personal property. Where there has been part performance, and especially where the services rendered are of a peculiar character which the parties never intended to be measured by pecuniary standards, the courts recognize no distinction between personal property and real property and will grant relief in either case. See cases cited in the opinion in *Anderson v. Anderson*, 75 Kan. 117, 88 Pac. 743, 9 L. R. A., n. s., 229, where the facts were very similar to those in the present case, and where specific performance was decreed involving property both real and personal. The opinion cites *Sharkey v. McDermott*, 91 Mo. 647, 4 S. W. 107, 60 Am. Rep. 270, in which specific performance was granted covering all the property subject to testamentary disposition at the time of the death of the person who agreed to devise to the plaintiff.

We think the testimony was sufficient to sustain the finding of the court that the contract was made substantially as claimed, and that the plaintiff had fully complied with its terms and was entitled to specific performance.

The judgment is affirmed.