**F.L. HAMILTON, individually and as elected Mayor of the Town of Greybull, Appellant (Plaintiff),**

v.

**TOWN OF GREYBULL, Appellee (Defendant).**

**No. 96–318.**

Supreme Court of Wyoming.

Aug. 6, 1997.

Phillip T. Willoughby, Casper, for Appellant.

Kathleen A. Hunt of Smith, Stanfield and Scott, LLC, Laramie, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant F.L. Hamilton appeals from the judgment in favor of Appellee Town of Greybull which dismissed his complaint for a declaratory judgment and ordered the parties to pay their own attorney's fees.

We affirm.

## ISSUE

Hamilton presents a single issue for our review:

> 1. Did the District Court err in denying plaintiff/appellant an award or reimbursement of attorney's fees?

## FACTS

Hamilton, who was the mayor of Greybull,[1] brought this declaratory judgment action in November of 1995. He alleged that Charter Ordinance No. 642, which revoked his authority to appoint and remove officers, was unconstitutional or contrary to state law.

Hamilton subsequently filed a motion for a summary judgment, asserting that no genuine issues of material fact existed and that, as a matter of law, the charter should be declared unconstitutional or contrary to state law. Hamilton also requested that he be awarded his attorney's fees which were associated with bringing the lawsuit. The district court denied Hamilton's motion for a summary judgment, ruled in favor of the Town of Greybull on Hamilton's complaint for a declaratory judgment, and ordered the parties to pay their own attorney's fees. Hamilton appeals from the denial of his request for attorney's fees.

## DISCUSSION

We have previously addressed the issue of when a party will be allowed to recover his attorney's fees:

> Wyoming follows the American rule that each party is normally responsible for his or her own attorney fees. There are two exceptions to this rule: when there is an express statutory authorization or a contractual provision that allows for an award of attorney fees to a party. We have denied attorney fees where neither exception is applicable.

*Snodgrass v. Rissler & McMurry Company,* 903 P.2d 1015, 1017 (Wyo.1995) (citations omitted). *See also McLain v. Anderson,* 933 P.2d 468, 472 (Wyo.1997).

Hamilton concedes that, in general, a party is not entitled to recover his attorney's fees unless the recovery is specifically sanctioned by statute or contract. He explains briefly that courts will occasionally apply exceptions other than the statutory and contractual exceptions which are provided in the rule to allow the recovery of attorney's fees. Unfortunately, however, he does not describe how this case should fall within any of those exceptions.

We have consistently adhered to the American rule with regard to awards of attorney's fees, and we do not see any reason

---

1. Hamilton lost his bid for reelection in November of 1996.

why we should depart from our general rule in this case. Since neither a statute nor a contract provides for an award of attorney's fees, the district court properly denied Hamilton's request.

Affirmed.