BOARD OF COUNTY COMMISSIONERS
OF the COUNTY OF PLATTE,
Appellant (Defendant),

v.

STATE of Wyoming, ex rel., Donna
YEADON, Appellee (Plaintiff).

State of Wyoming, ex rel., Donna
Yeadon, Appellant
(Plaintiff),

v.

Board of County Commissioners of
the County of Platte, Appellee
(Defendant).

Nos. 97–166, 97–167.

Supreme Court of Wyoming.

Dec. 22, 1998.

Rex E. Johnson of Sherard, Sherard & Johnson, Wheatland, for Board of County Commissioners of County of Platte.

Eric M. Alden, Wheatland, for Donna Yeadon.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

LEHMAN, Chief Justice.

Prior to the 1994 elections, the Board of County Commissioners of Platte County (Board) adopted a resolution by which it could, funds permitting, grant elected county officials cost of living adjustment (COLA) raises of up to 8 percent per year. In 1996, the Board voted to grant 5 percent COLA raises to all elected officials except the sheriff. Donna Yeadon, a Platte County citizen,

---

* Chief Justice at time of expedited case confer-      ence; retired November 2, 1998.

sought a writ of mandamus against the Board, arguing that the COLA raises violated the Wyoming Constitution's prohibition against mid-term salary increases for elected officials. The district court agreed with Yeadon and granted her motion for summary judgment. From this decision, the Board appeals. Yeadon also appeals, claiming the district court erred in refusing to order reimbursement of attorney fees she incurred in prosecuting her action.

In both cases, we affirm.

### ISSUES

The Board presents the following issues for our review in Case No. 97–166:

1. Is the Board's April 19, 1994 salary resolution, which provides for a mid-term cost of living salary adjustment, if budgetarily feasible, constitutional (Art. 3, § 32) and in compliance with W.S. 18–3–107?

2. If the April 19, 1994 salary resolution is constitutional, did the Board properly implement the terms of the salary resolution in 1996 when they allowed a cost of living salary increase?

Appellee Donna Yeadon (Yeadon) couches the issue in these terms:

1. Can a board of county commissioners repeal the Constitution and amend the statutes of Wyoming to give themselves powers specifically denied to them by adopting a resolution to that effect?

In Case No. 97–167, Yeadon, as appellant, asserts the following issue:

1. If a taxpayer successfully prosecutes an action to compel a governmental entity to discontinue an illegal expenditure with a resulting benefit to all taxpayers, may the Court award the successful taxpayer-Plaintiff attorneys fees from the monies saved by his efforts?

The Board, as appellee, counters:

1. Should this Court consider an issue that is first raised on appeal?

2. Does the record reflect sufficient evidence to justify an award of attorney fees?

### FACTS

In April of 1994, the Board of Platte County Commissioners established elected county official salaries for the upcoming term. In addition to setting base salaries, the Board adopted a resolution whereby it could grant cost of living adjustment (COLA) raises not to exceed 8 percent of each official's annual salary. The resolution provided:

**BE IT FURTHERMORE RE-SOLVED:** That a provision is hereby included for a cost of living allowance, not to exceed eight percent (8%), annually, if found to be budgetarily feasible at any time during the term of each official, for whom a salary is determined, and providing that no salary shall exceed the limits set by statute for each respective office.

Although the Board recognized the need for salary increases, revenue for the raises was not immediately available and future tax revenue was uncertain. As a result of the continuing litigation over the assessed valuation of the Laramie River Station, substantial amounts of taxes have been paid under protest, rendering these funds unavailable for distribution. *See* W.S. 39–1–311. Thus, the Board finds it difficult to budget the salaries of county officials, three and four years in advance, without having a provision for a flexible cost of living increase. In adopting the resolution, the Board relied on Attorney General opinion 78–12.

In 1996, the Board voted to grant 5 percent COLA raises to all county officials, except the sheriff.[1] In November of 1996, Donna Yeadon filed a petition for writ of mandamus and prohibition to, *inter alia*, invalidate the COLA raises. Yeadon's complaint alleged that she was "acting in the capacity of a private attorney general for the benefit of the people of Platte County and the State of Wyoming whose funds are being expended for which reason she should be awarded attorneys fees as well as costs in the pursuit of this matter."

---

1. The Board did not give the sheriff a COLA raise because he is not POST (Police Officer's Standards and Training) certified and has been enjoined from acting as a peace officer. See W.S. 7–2–101(a)(iv)(A) and 7–2–102.

The district court granted Yeadon's motion for summary judgment on the COLA raise issue. The Board was granted summary judgment on the remaining issues, from which Yeadon has not taken an appeal. The Board timely filed its notice of appeal on the COLA raise issue, creating Case No. 97–166. Yeadon also sought to recover attorney fees, which the district court denied. Her appeal from this ruling comprises Case No. 97–167.

## DISCUSSION

### Mid–Term COLA Raises

■ Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56; *Terry v. Pioneer Press, Inc.,* 947 P.2d 273, 275 (Wyo.1997). Since both parties agree that no facts are in dispute, the COLA raise issue presents only a question of law. In such cases, this court conducts a *de novo* review of the district court's conclusions of law. *Anderson v. Bommer,* 926 P.2d 959, 961 (Wyo.1996). Here, we are asked to interpret Wyo. Const. Article 3, Section 32. When interpreting a constitutional provision, "[w]e are charged with discerning the intent of the Constitutional Convention, and we look first to the plain and unambiguous language to discern that intent." *Management Council of Wyoming Legislature v. Geringer,* 953 P.2d 839, 843 (Wyo.1998). "In the case of a constitution, it must be presumed the people have intended whatever has been plainly expressed and that intent must be given effect and enforced." *Campbell County School Dist. v. State,* 907 P.2d 1238, 1257 (Wyo.1995) (*citing Rasmussen v. Baker,* 7 Wyo. 117, 128, 50 P. 819, 821 (1897)). Thus, "[i]f the constitutional language is clear and unambiguous, we must accept and apply the plain meaning of that language." *Management Council of Wyoming Legislature,* 953 P.2d at 843.

Article 3, Section 32 of the Wyoming Constitution provides in pertinent part:

**Changing terms and salaries of public officers.**

Except as otherwise provided in this constitution, no law shall extend the term of any public officer or increase or diminish his salary or emolument after his election or appointment; . . .

■ The Board contends this section should not be interpreted to prohibit the Board from granting mid-term COLA raises because the raises are a practical and efficient solution to Platte county's funding problem. Also, the Board contends, Platte county officials are otherwise underpaid and the COLA raises are "in proportion to the value of services rendered and the dut[ies] performed." [2] Finally, the Board asserts that its members have approached the COLA raise issue in a responsible manner; therefore, none of the evils meant to be prevented by Article 3, Section 32 are present. Yeadon counters that Article 3, Section 32 and the case law interpreting that section clearly prohibit such mid-term salary increases. Further, Yeadon argues that the Board's retained discretion makes possible the very evil meant to be eradicated by the provision.

In interpreting the relevant language of Article 3, Section 32, this court, in *Nickerson v. Winslow,* 22 Wyo. 259, 268–269, 138 P. 184, 186, *reh'g denied* 22 Wyo. 259, 140 P. 834 (1914), wrote:

> The meaning of this section is clear. There is no ambiguity about it. The words are pointed and direct. They mean just what they say, and construe themselves. When it says that the salary of a public officer shall not be increased or diminished after his election, it means that the salary or compensation for the term to which he was elected shall not be changed after, but becomes fixed as of the date of the election. . . .

In a more recent case interpreting this provision, *Barber v. Board of County Comm'rs of Uinta County,* 73 Wyo. 222, 233,

---

**2.** Article 14, Section 1 of the Wyoming Constitution provides in pertinent part:

All . . . county . . . officers . . . shall be paid fixed and definite salaries. The legislature shall, from time to time, fix the amount of such salaries as are not already fixed by this constitution, which shall in all cases be in proportion to the value of the services rendered and the duty performed.

277 P.2d 977, 980–981 (Wyo.1954), this court summarized:

> The simple facts are these: When county officials are elected or enter upon their duties there should be a definite basis according to which their salary is fixed. It should not be left to surmise or conjecture. The board of county commissioners should know what they must pay and the officials are entitled to know what they will receive.

The Board, relying on an Attorney General Opinion 78–12, argues that the COLA raises do not offend the constitution. In that opinion, Wyoming's Attorney General concluded that stepped salary increases for elected officials do not violate Wyoming Constitution Article 3, Section 32. Without deciding the question whether stepped salary increases are permissible, we find that the situation presented here is clearly distinguishable from the question presented in Opinion 78–12. In the case of stepped salary increases, the salaries are fixed at the time the salaries are established (prior to June 1 of an election year). Although the amount of an official's monthly paycheck increases over time, the stepped increases are fixed before election, and payment of the stepped increases is not discretionary.

In Platte County, the county officials' base salaries were fixed prior to the 1994 election.[3] However, the Board retained discretion whether to grant the COLA raises. This discretion included not only whether the raises would be granted, but also when to grant the raises, to whom (as evidenced by the exclusion of the sheriff from the COLA raise), and in what amounts (between zero and eight percent). This retained discretion evokes the concerns discussed in *Board of Comm'rs of Converse County v. Burns*, 3 Wyo. 691, 702, 29 P. 894, 899 (1892):

The purpose of the constitutional provision inhibiting a change in the compensation of a public officer during his term of office was to protect the individual officer against legislative oppression, and to guard the legislature from the gainful schemes of officials. *State v. Kelsey*, 44 N.J. Law, 31. Party rancor, personal spleen, enmity, or grudge, might work to harass and cripple the officer by reducing his compensation during his term of service; while, on the other hand, partisan feeling, blood or business relations, might sway the members of the legislature, and cause the bestowal of an unmerited increase, without this wise restriction.

Although there is no evidence that these evils tainted either the Board's decision to grant raises or the actions of any Platte county official, the discretion retained by the Board makes such evil a possibility. Because of this retained discretion, the salaries of Platte county officials were not fixed, but subject to an increase after election. To allow the Board to pay the COLA raises would allow it to perform an unconstitutional act. Under these circumstances, we hold that the COLA raises violate Article 3, Section 32 of the Wyoming Constitution and that summary judgment in favor of Yeadon was proper.

### Attorney Fees

Recently, in *Hamilton v. Town of Greybull*, 942 P.2d 410, 411 (Wyo.1997), this court reiterated:

> Wyoming follows the American rule that each party is normally responsible for his or her own attorney fees. There are two exceptions to this rule: when there is an express statutory authorization or a contractual provision that allows for an award of attorney fees to a party. We have

---

**3.** Wyoming Statute 18–3–107(a) (1997) provides that:

> The board of county commissioners of each county shall meet not later than June 1, 1978, and on or before the same date each four (4) years thereafter, for the purpose of setting salaries, which shall not be changed during the term of each official for whom a salary is determined.

Yeadon does not challenge the propriety of the legislature's delegation of authority to fix salaries within a set range to the county commissioners of each county. In *May v. City of Laramie*, 58 Wyo. 240, 264–65, 131 P.2d 300, 309 (1942), this court decided that the delegation of such authority to municipal councils does not violate Article 14, Section 1. The delegation of this authority to county commissioner boards has never been challenged.

denied attorney fees where neither exception is applicable.

*Quoting Snodgrass v. Rissler & McMurry Co.,* 903 P.2d 1015, 1017 (Wyo.1995) (citations omitted); *see also McLain v. Anderson,* 933 P.2d 468, 472 (Wyo.1997).

Unable to rely on a contractual or statutory provision that permits attorney fees, Yeadon invites this court to adopt any of three doctrines discussed in her brief: the common fund doctrine, the substantial benefit doctrine, or the private attorney general doctrine. The Board counters that this issue is not properly preserved for our review, contending that Yeadon did not raise the issue below and did not submit a statement of fees. Yeadon also asks us to award attorney fees she has incurred in defending the Board's appeal.

In her complaint, Yeadon alleged that she was "acting in the capacity of a private attorney general for the benefit of the people of Platte County and the State of Wyoming," and, as such, "she should be awarded attorneys fees as well as costs in the pursuit of this matter." Her prayer for relief also requested attorney fees. A month after the district court entered its order on the parties' respective motions for summary judgment, Yeadon petitioned the district court to certify the question of attorney fees to this court. The Board filed a response, arguing that Yeadon was not timely in asserting her claim for attorney fees. The district court then entered an order which denied attorney fees.

■ Although the district court did not specify the grounds for the denial of attorney fees, the record reveals that Yeadon did not make a timely motion for the fees. The applicable rule, W.R.C.P. 54(d), provides:

(2) Attorney's Fees.

(A) When allowed by law, claims for attorney's fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

(B) Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought.

Here, subsection (A) is inapplicable because attorney fees were not an element of damages to be proved in Yeadon's case. Yeadon did not seek damages in her complaint, instead choosing to pursue only the writs of mandamus and prohibition. Since attorney fees were not an element of Yeadon's damage claim, 54(d)(2)(B) governs our analysis.

■ Under 54(d)(2)(B), Yeadon had 14 days from final judgment to make a motion for attorney fees. The record is clear that she did not do so. The district court's order on the parties' respective motions for summary judgment was entered March 25, 1997. On April 25, 1997, Yeadon filed a petition to certify the attorney fees question to the supreme court. Even if we assume this petition served to place the issue of attorney fees before the district court, it was filed well after the 14 day limit mandated by Rule 54(d)(2)(B). Yeadon's request was further deficient in that it did not state the amount or a fair estimate of the fees sought.

Yeadon argues that as a result of the district court staying the effect of the order pending appeal, the order was not a final judgment for purposes of Rule 54. By Yeadon's way of thinking, the judgment would become final only after an appeal had been taken and decided. We cannot agree with this analysis. All substantive issues raised in Yeadon's complaint were decided by the district court's order: Yeadon was granted summary judgment on the mid-term COLA raise issue, and the Board was granted summary judgment on the remaining issues. Yeadon recognized this in her petition to certify the attorney fees issue to this court, which stated, "This Court has granted partial summary judgments on all other issues in this case." With no issues left to be resolved, the district court's order served as a judgment under Rule 54(a), as it was the final determination of the rights of the parties in the action.

Rule 54 clearly requires that a party move for attorney fees within 14 days of

entry of judgment. Since Yeadon did not timely file a Rule 54 motion for attorney fees, the district court properly denied Yeadon's request for fees. *See Logue v. Dore,* 103 F.3d 1040, 1047 (1st Cir.1997). Because we base our ruling on Yeadon's failure to timely file a motion for attorney fees, we do not reach the issue whether any of Yeadon's theories for recovery of attorney fees should be adopted.

■ Yeadon also asks this court to order the Board to award her attorney fees she incurred in responding to the Board's appeal. This court is generally "reluctant to grant sanctions and will do so only in those rare circumstances where an appeal lacks cogent argument, where there is an absence of pertinent authority to support the claims of error, and/or where there is a failure to adequately cite to the record." *Amen, Inc. v. Barnard,* 938 P.2d 855, 858 (Wyo.1997) (*citing Osborn v. Painter,* 909 P.2d 960, 965 (Wyo.1996) and *Phifer v. Phifer,* 845 P.2d 384, 387 (Wyo. 1993)). The issue presented by the Board is novel in that we have never determined the propriety of mid-term COLA raises as implemented by the Board in this case. *See Townsend v. Living Centers Rocky Mountain, Inc.,* 947 P.2d 1297, 1300 (Wyo.1997). Furthermore, the Board's arguments are not frivolous, and it appears to be acting in good faith in attempting to preserve the COLA raises. Given these circumstances, we cannot certify that there was no reasonable cause for appeal under W.R.A.P. 10.05.

## CONCLUSION

The district court properly ruled that the COLA raises were an unconstitutional mid-term salary increase. The court also properly denied Yeadon's request for attorney fees, as she failed to make a timely motion as required by Rule 54. Both cases are, therefore, affirmed.