Green Tree Servicing, LLC v Barnes (2023 NY Slip Op 01987)

Green Tree Servicing, LLC v Barnes

2023 NY Slip Op 01987

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-02696
 (Index No. 707823/14)

[*1]Green Tree Servicing, LLC, respondent, 
v
Sherry Y. Barnes, appellant, et al., defendants.

Regina Felton, Brooklyn, NY, for appellant.
Woods Oviatt Gilman LLP, Rochester, NY (Cassie T. Doran and Natalie A. Grigg of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sherry Y. Barnes appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered September 9, 2019. The order, insofar as appealed from, in effect, denied that branch of that defendant's motion which was to dismiss the complaint insofar as asserted against her with prejudice.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2014, the plaintiff commenced this action against, among others, the defendant Sherry Y. Barnes (hereinafter the defendant) to foreclose a mortgage encumbering certain real property located in Queens. In December 2017, a judgment of foreclosure and sale (hereinafter the judgment) was entered. Thereafter, in March 2019, the defendant moved, in effect, to vacate the judgment insofar as asserted against her, to restore the action to the calendar, and to dismiss the complaint insofar as asserted against her with prejudice. In an order entered September 9, 2019, the Supreme Court vacated the judgment insofar as asserted against the defendant and directed dismissal of the complaint insofar as asserted against her on the ground of lack of personal jurisdiction, finding that the purported service on the defendant was not valid. However, the court, in effect, denied that branch of the defendant's motion which was to dismiss the complaint insofar as asserted her with prejudice. The defendant appeals, contending that the court improvidently exercised its discretion by, in effect, directing dismissal of the complaint insofar as asserted against her without prejudice.
The defendant's contention is without merit. Dismissals for failure to timely serve process are not on the merits and are without prejudice (see Cadet-Duval v Gursim Holding, Inc., 147 AD3d 718, 720). Moreover, "[a] dismissal 'with prejudice' generally signifies that the court intended to dismiss the action 'on the merits,' that is, to bring the action to a final conclusion against the plaintiff" (Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375, 380; see Jespersen v Li Sheng Liang, 68 AD3d 724, 725). Here, the dismissal was not on the merits (see Emigrant Bank v Solimano, 209 AD3d 153, 162), and the defendant failed to demonstrate the existence of extraordinary circumstances warranting dismissal with prejudice (see GMAC Mtge., LLC v Bisceglie, 109 AD3d 874, 877). Since the dismissal of the complaint insofar as asserted against the defendant was based on lack of proper service and nothing more, a dismissal without prejudice was appropriate.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court