Ditech Fin., LLC v Barnes (2023 NY Slip Op 05489)

Ditech Fin., LLC v Barnes

2023 NY Slip Op 05489

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2022-00496
 (Index No. 720392/19)

[*1]Ditech Financial, LLC, etc., respondent, 
v
Sherry Y. Barnes, appellant.

Regina Felton, Brooklyn, NY, for appellant.
Woods Oviatt Gilman, LLP, Rochester, NY (Kristin M. Bolduc of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered November 17, 2021. The order denied the defendant's motion to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In October 2014, Green Tree Servicing, LLC (hereinafter Green Tree), commenced an action against, among others, the defendant to foreclose the subject mortgage, and a judgment of foreclosure and sale was subsequently entered. By order entered September 9, 2019, the Supreme Court vacated the judgment insofar as asserted against the defendant and directed dismissal of the complaint insofar as asserted against her on the ground of lack of personal jurisdiction. However, the court, in effect, denied that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her with prejudice. On a prior appeal by the defendant, this Court affirmed so much of the order as, in effect, denied that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her with prejudice, determining that "[s]ince the dismissal of the complaint insofar as asserted against the defendant was based on lack of proper service and nothing more, a dismissal without prejudice was appropriate" (Green Tree Servicing, LLC v Barnes, 215 AD3d 809, 810).
Meanwhile, in December 2019, the plaintiff, Dietech Financial, LLC, as successor by merger to Green Tree, commenced this action to foreclose the subject mortgage. In an order entered November 17, 2021, the Supreme Court denied the defendant's motion to dismiss the complaint. The defendant appeals.
To the extent the defendant contends that the prior foreclosure action should have been dismissed with prejudice, that contention, which was rejected by this Court on the defendant's prior appeal (see id. at 810), is not properly before this Court (cf. Bank of N.Y. Mellon v Selig, 213 AD3d 894, 896).
The defendant's remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court properly denied the defendant's motion to dismiss the complaint.
DUFFY, J.P., BRATHWAITE NELSON, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court