141 Nev., Advance Opinion 6

IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNETH VAUGHN, A/K/A KENNETH MURRAY VAUGHN BEY, A/K/A KENNETH IMHOTEP VAUGHN BEY, Appellant,
vs.
THE STATE OF NEVADA, Respondent.

No. 85629



FILED

FEB 06 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of simulation of summons, complaint, judgment, order or other legal process; six counts of offering a false instrument for filing or record; and two counts of intimidating a public officer. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

*Affirmed in part and reversed in part.*

Nancy M. Lemcke, Public Defender, Audrey M. Conway, Chief Deputy Public Defender, and Katherine Currie-Diamond, Deputy Public Defender, Clark County,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Austin Beaumont and Jonathan E. VanBoskerck, Chief Deputy District Attorneys, Clark County,
for Respondent.

BEFORE THE SUPREME COURT, STIGLICH, PICKERING, and PARRAGUIRRE, JJ.

25-05767

## OPINION

By the Court, PARRAGUIRRE, J.:

NRS 239.330(1) makes it a felony to knowingly offer for filing, registration, or recording any false or forged instrument that, if genuine, might be filed, registered, or recorded under the laws of the State of Nevada or the United States. Today, we hold that to support a conviction under this statute, the State must prove that there is a law allowing for the filing, registration, or recordation of the specific type of document at issue through the office to which it is offered.

Appellant Kenneth Vaughn was convicted by a jury of six counts of offering a false instrument for filing or record under NRS 239.330(1), in addition to two counts of simulation of summons, complaint, judgment, order or other legal process and two counts of intimidating a public officer. He was adjudicated as a habitual criminal, sentenced to serve a prison term of 5-20 years in the aggregate, and ordered to pay $19,600 in restitution. He now challenges his conviction and sentence on several grounds.

Because Vaughn's conduct did not fall within the conduct proscribed by NRS 239.330(1), we reverse his conviction on the six counts under that statute. Further, we reverse the restitution award, as the district court relied on impalpable or highly suspect evidence in determining the restitution amount. We affirm the conviction as to the remaining counts.

## FACTS

Kenneth Vaughn is a self-described Moorish National who claims that the governments of the United States and Nevada have no jurisdiction over him. In 2020 through 2021, Vaughn sent documents to his

SUPREME COURT
OF
NEVADA

landlords claiming to take ownership of the property he rented. He also posted similar documents at the home of another family, demanding that the owners vacate the property. Relatedly, he sent multiple documents to the Clark County Recorder for recordation. These documents purported to take ownership of property to which he had no claim. When the office declined to record the documents, he called the office and threatened to have people fired and arrested if they did not record his documents.

Vaughn was arrested and ultimately charged as follows: counts 1 and 10, simulation of summons, complaint, judgment, order or other legal process; counts 2-7, offering a false instrument for filing or record pursuant to NRS 239.330(1); and counts 8-9, intimidating a public officer. Vaughn represented himself at trial with standby counsel and was convicted of all counts. Vaughn was adjudicated as a habitual criminal pursuant to NRS 207.010(1)(a) and sentenced to serve a prison term of 5-20 years on each count, to run concurrently. He was also ordered to pay $19,600 in restitution. He now appeals his conviction and sentence.

On appeal, Vaughn argues that (1) the district court abused its discretion in denying his motion to dismiss the indictment on speedy trial grounds, (2) the State failed to prove the elements of the charges beyond a reasonable doubt, (3) he was prejudiced by a witness's answers to questions submitted by the jury, (4) a witness improperly testified to legal conclusions, (5) the district court provided a misleading jury instruction, (6) the district court abused its discretion by adjudicating him as a habitual criminal, (7) the district court's restitution award was founded on impalpable or highly suspect evidence, and (8) cumulative error warrants reversal of his entire judgment of conviction.

## DISCUSSION

*Vaughn's speedy trial challenge*

Vaughn argues his constitutional right to a speedy trial was violated and the district court abused its discretion in denying his motion to dismiss on those grounds. *See* U.S. Const. amend. VI. "We review a district court's decision to grant or deny a motion to dismiss an indictment based on a speedy trial violation for an abuse of discretion." *State v. Inzunza*, 135 Nev. 513, 516, 454 P.3d 727, 730 (2019). "In evaluating whether a defendant's Sixth Amendment right to a speedy trial has been violated, this court gives deference to the district court's factual findings and reviews them for clear error, but reviews the court's legal conclusions de novo." *Id.* at 516, 454 P.3d at 730-31. In applying the factors laid out in *Barker v. Wingo*, we find no abuse of discretion in the district court's ruling. 407 U.S. 514, 530 (1972) (stating courts must look at the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant" as a result of the delay). The delays in this case were minimal and largely justifiable or caused by Vaughn's own conduct. Vaughn has also failed to demonstrate prejudice as a result of the delay. We therefore conclude that the district court did not abuse its discretion in denying Vaughn's motion to dismiss on speedy trial grounds.

*The scope of NRS 239.330(1)*

Vaughn argues the State failed to prove the elements of counts 2-7—offering a false instrument for filing or record—beyond a reasonable doubt because his conduct did not fall within the scope of the statute under

which he was convicted.[1]  Vaughn moved for a judgment of acquittal on these grounds pursuant to NRS 175.381(2), and the district court denied the motion.  We review the denial of a motion under NRS 175.381 for an abuse of discretion.  *See Milton v. State*, 111 Nev. 1487, 1493, 908 P.2d 684, 688 (1995).  But "[w]hether a statute covers certain conduct is a legal question subject to de novo review."  *Martinez v. State*, 140 Nev., Adv. Op. 70, 558 P.3d 346, 356-57 (2024).  For counts 2-7, the State prosecuted Vaughn under NRS 239.330(1), which states in relevant part that

> a person who knowingly procures or offers any false or forged instrument to be filed, registered or recorded in any public office, which instrument, if genuine, might be filed, registered or recorded in a public office under any law of this State or of the United States, is guilty of a category C felony and shall be punished as provided in NRS 193.130.

Therefore, to convict Vaughn, the State was required to prove that the documents Vaughn sent for recording, "if genuine, might be filed, registered or recorded in a public office under any law of this State or of the United States." *Id.*

The documents Vaughn sent for recording were titled as follows: Default Notice to Affidavit of Allodial Secured Land Property Repossession Written Statement Nonresponse Notification; Eminent Domain Cover Letter and Notification of Aboriginal Indigenous Writ of Possession and Execution; Affidavit of Clear Perfect Allodial Land Title; Affidavit of Allodial Secured Land Property Repossession Written Statement; Aboriginal Indigenous Writ of Possession and Execution; and

---

[1]Vaughn also argues the State failed to prove the elements of counts 1 and 8-10.  We are satisfied that the State proved the elements of those charges with sufficient evidence and affirm his conviction on those counts.

Affidavit of Fact—Notice of Default Judgment. Vaughn argues his conduct did not fall within the scope of the statute because none of the documents he attempted to file with the recorder's office were of a type that could have been recorded "if genuine." *See Genuine. Black's Law Dictionary* (12th ed. 2024) (defining "genuine" as "authentic or real"). In *People v. Harrold*, the Supreme Court of California reversed the conviction of a defendant under a similarly worded statute because there was no California state law allowing for the recordation of the type of document the defendant tried to record. 24 P. 106, 107 (Cal. 1890). Vaughn argues that the same situation is present here—there is no state or federal law authorizing the recording of the documents he attempted to record and, therefore, he cannot be convicted under the statute.

Because the documents he sent were readily recognizable as documents that could not be recorded under state or federal law, Vaughn also argues that his conviction on those counts is inconsistent with the purpose of the statute—to prevent officials from *acting upon* false documents in mistaken belief of accuracy. *See People v. Bel Air Equip. Corp.,* 346 N.E.2d 529, 532 (N.Y. 1976) (noting the purpose of a similar statute "is to guard against the possibility that officers of the State or its political subdivisions would act upon false or fraudulent instruments that had been filed with their offices in the belief that such documents were accurate and true" (internal quotation marks omitted)); *see also State v. Hampton,* 24 P.3d 1035, 1038 (Wash. 2001) (instructing the district court to "consider the likelihood and extent of others' reliance on the document" in determining liability under a similar statute).

The State, on the other hand, argues for a more expansive view of the scope of documents contemplated by NRS 239.330(1), stating that the

content or purpose of the document is what matters under the statute. The content of Vaughn's documents purported to take ownership of property to which Vaughn had no claim. Because there are recordable documents under state law that. if genuine. provide a valid claim to property if recorded. the State argues Vaughn may be held liable for attempting to record documents with this same purpose.

The State's reading of the statute is not entirely unreasonable. and it is not difficult to see how Vaughn's conduct may have been of the type the Legislature wished to discourage in enacting the statute. But we have held that "[a]mbiguity in a statute defining a crime or imposing a penalty should be resolved in the defendant's favor." *State v. Fourth Jud. Dist. Ct. (Martinez)*, 137 Nev. 37, 39. 481 P.3d 848, 850 (2021) (alteration in original) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 296 (2012)). Thus. construing the ambiguity in Vaughn's favor. we conclude that the statute concerns documents having the present ability to be filed under state or federal law, but that are forged or contain false information. This is a reasonable construction of the statute that accounts for its likely purpose: to prevent officials from acting upon the documents in mistaken belief of accuracy.[2]

---

[2]Vaughn alternatively argues that NRS 239.330(1) is unconstitutionally vague. This court will not invalidate a statute unless the party challenging the statute "make[s] a clear showing of invalidity." *Pimentel v. State*. 133 Nev. 218. 222. 396 P.3d 759. 763-64 (2017) (internal quotation marks omitted). Further. "every reasonable construction must be resorted to. in order to save a statute from unconstitutionality." *Id*. at 222. 396 P.3d at 764 (internal quotation marks omitted). Because Vaughn provided a reasonable construction of the statute that provides adequate notice of the prohibited conduct. which is adopted here, the statute is not unconstitutionally vague.

Applying that reading of the statute to the evidence introduced at trial, we conclude that the State failed to prove the elements of the charges. Courtney Hill, the Records Administration Manager for the Clark County Recorder's office, testified that none of the documents Vaughn submitted were recordable. He noted certain requirements that documents involving real property must meet to be recorded and testified that none of the documents met those requirements. The State points to no laws authorizing the recordation of the documents Vaughn offered. Because there is no state or federal law allowing for the recordation of the specific documents Vaughn sent to be recorded, we conclude the State failed to show that Vaughn's conduct was covered by the statute. Convicting Vaughn for attempting to record documents that are readily recognizable as documents that cannot be recorded would likewise not further the purpose of the statute. We therefore conclude the district court abused its discretion in denying Vaughn's motion under NRS 175.381(2) and reverse Vaughn's conviction on counts 2-7.

*Juror questions*

Vaughn claims that he was prejudiced when the district court, over his objections, asked a witness irrelevant questions submitted by the jury. Vaughn argues that he was prejudiced by the answers to the questions. We have held that allowing juror questions is within the sound discretion of the court, subject to certain safeguards. *Flores v. State*, 114 Nev. 910, 912-13, 965 P.2d 901, 902-03 (1998).

> These safeguards include: (1) initial jury instructions explaining that questions must be factual in nature and designed to clarify information already presented; (2) the requirement that jurors submit their questions in writing; (3) determinations regarding the admissibility of the questions must be conducted outside the

presence of the jury; (4) counsel must have the opportunity to object to each question outside the presence of the jury; (5) an admonition that only questions permissible under the rules of evidence will be asked; (6) counsel [be] permitted to ask follow-up questions; and (7) an admonition that jurors must not place undue weight on the responses to their questions.

*Id.* at 913, 965 P.2d at 902-03. Here, the district court appropriately applied the *Flores* safeguards, and we conclude there was no abuse of discretion.

*Witness testimony*

Vaughn argues that he was prejudiced when the State's expert witness testified to a legal conclusion. A trial court's decision to admit evidence is reviewed for an abuse of discretion. *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). Here, the district court ordered the jury to disregard the witness's statement alluding to criminal intent. Vaughn has failed to demonstrate any prejudice. Therefore, we conclude the district court did not abuse its discretion.

*Jury instruction*

Vaughn argues the district court erred by providing a misleading jury instruction that improperly favored the State. "This court generally reviews a district court's decision settling jury instructions for an abuse of discretion or judicial error." *Berry v. State*, 125 Nev. 265, 273, 212 P.3d 1085, 1091 (2009), *abrogated on other grounds by State v. Castaneda*, 126 Nev. 478, 245 P.3d 550 (2010). But "whether the jury instruction was an accurate statement of the law is a legal question subject to de novo review." *Id.* Vaughn objected to the language in one instruction that stated, "[a] defendant's contention that he believes the law of the United States and of the State of Nevada do not validly constrain him does not constitute a justification or excuse for his action and the jury is instructed to disregard

such contentions." Vaughn's assertion that because he is a Moorish National, he is not subject to the jurisdiction of Nevada or the United States, is an invalid theory as a matter of law. *See, e.g., Butts v. Clarke*, No. 1:23CV1396 (PTG/IDD), 2025 WL 27824, at *7 (E.D. Va. Jan. 3, 2025) (rejecting as a matter of law the assertion that a person who claims status as a Moorish American is exempt from criminal prosecution) (collecting cases). Therefore, we conclude that the district court did not abuse its discretion or commit judicial error by overruling Vaughn's objection.

*Habitual criminal*

Vaughn claims that the district court abused its discretion by adjudicating him as a habitual criminal under NRS 207.010(1)(a), claiming that the convictions used to sentence him were stale and, therefore, should not have been considered. We review sentencing decisions for an abuse of discretion. *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009). NRS 207.010(1)(a) allows for any five previous convictions to be used in adjudicating someone as a habitual criminal. The statute makes no exceptions for remote or stale convictions. Although district courts have discretion to decline to apply the statute when the adjudication of habitual criminality "serves neither the purposes of the statute nor the interests of justice." *Sessions v. State*, 106 Nev. 186, 191, 789 P.2d 1242, 1245 (1990), we discern no abuse of discretion here. The district court determined that it was proper to adjudicate Vaughn as a habitual criminal to deter further criminal conduct. We conclude that the district court did not abuse its discretion in making this determination.

Alternatively, relying on *Erlinger v. United States*, 602 U.S. 821 (2024), Vaughn argues that the district court erred by not requiring the jury to find beyond a reasonable doubt the fact that Vaughn's convictions happened on separate occasions prior to the instant offenses. But *Erlinger's*

holding was limited to the fact-specific findings required for conviction under the Armed Career Criminal Act. *See id.* at 825. Even under *Erlinger*, a judge may "determine[ ] the fact of a prior conviction." *Id.* at 839. Here, the district court properly found the fact of five prior convictions, and there is no requirement necessitating the submission of the question to the jury.

Finally, Vaughn argues that even if there was no abuse of discretion in the manner of the habitual criminal adjudication, his ultimate sentence, an aggregate prison term of 5-20 years (concurrent prison terms of 5-20 years on counts 1 and 10), violates the federal and state prohibitions on cruel and/or unusual punishment. *See* U.S. Const. amend. VIII; Nev. Const. art. 1, § 6. "[A] sentence within the statutory limits is not 'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Allred v. State*, 120 Nev. 410, 420, 92 P.3d 1246, 1253 (2004) (quoting *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996)). As mentioned above, the district court noted that a lengthy sentence was appropriate to deter Vaughn from continuing his criminal behavior. Vaughn does not argue that NRS 207.010(1)(a) is unconstitutional, and given the circumstances, the punishment is not so disproportionate to the offense as to shock the conscience. Therefore, we conclude that the district court did not abuse its discretion with regard to the sentence imposed for counts 1 and 8-10.

*Restitution award*

Vaughn argues that the district court abused its discretion by awarding restitution without adequate evidentiary support. We review restitution awards for an abuse of discretion. *Cf. Chavez*, 125 Nev. at 348, 213 P.3d at 490 (noting district courts have wide discretion in sentencing decisions); *Martinez v. State*, 115 Nev. 9, 12, 974 P.2d 133, 135 (1999)

(noting restitution "is a sentencing determination"). Sentencing courts must "rely on reliable and accurate evidence in setting restitution." *Martinez*. 115 Nev. at 13, 974 P.2d at 135. "[A]n abuse of discretion will be found only when the record demonstrates 'prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence . . . .'" *Lloyd v. State*, 94 Nev. 167, 170, 576 P.2d 740, 742 (1978) (omission in original) (quoting *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976)).

Here, the district court ordered restitution to be paid to Vaughn's landlords in the amount of $9,600 for unpaid rent and $10,000 for damages to the rental unit. But Vaughn points out on appeal the landlords' testimony regarding unpaid rent calculates to less than $9,600. Further, there was no documentary evidence provided to the court regarding unpaid rent or alleged property damage.

The district court appears to have ordered these amounts based on a notation contained in the presentence investigation report. The PSI was not included in the record on appeal, but it is difficult for us to imagine that a single notation in a PSI—presumably a hearsay statement—can constitute "reliable and accurate evidence." *Martinez*, 115 Nev. at 13, 974 P.2d at 135. There is no indication that the district court received any evidence, let alone reliable and accurate evidence, regarding the alleged property damage. And the evidence it did receive of unpaid rent through the landlords' testimony does not calculate to the amount ultimately ordered. Importantly, it also appears that no explanation was provided for how any alleged property damage or unpaid rent was directly related to the crime of which the landlords were victims—simulation of summons, complaint, judgment, order or other legal process. *See Nied v. State*, 138

SUPREME COURT
OF
NEVADA

12

Nev. 275, 281, 509 P.3d 36, 42 (2022) (stating that restitution "should adequately compensate the victim for economic losses or expenses *directly related to the criminal offense*" (emphasis added)).

The State urges us to consider the argument waived because Vaughn failed to object to the PSI and further failed to object to the restitution amount at sentencing. But our review of the sentencing hearing reveals that Vaughn stated the landlords were paid and that the restitution amount was "a lie." Given the context, we conclude this was sufficient to preserve the argument for appeal. We further conclude that Vaughn has demonstrated prejudice as a result of the district court's consideration of impalpable or highly suspect evidence, and we reverse the restitution award.

## Cumulative error challenge

Vaughn argues that the above assigned errors, if not reversible individually, require reversal when cumulated. Where cumulative error at trial denies a defendant his or her right to a fair trial, this court must reverse the conviction. *Big Pond v. State*, 101 Nev. 1, 3, 692 P.2d 1288, 1289 (1985). In evaluating cumulative error, this court must consider "whether the issue of innocence or guilt is close, the quantity and character of the error, and the gravity of the crime charged." *Id.* As discussed above, Vaughn's conviction on counts 2-7 and the restitution award require reversal. However, the issues we discussed did not impact the trial as to counts 1 and 8-10. As there were no errors made by the district court on the other issues raised by Vaughn, there are no errors to accumulate. Thus, we conclude that Vaughn's contention that cumulative error requires reversal of the entire judgment of conviction is without merit.

## CONCLUSION

NRS 239.330(1) makes it a felony to knowingly offer for recording any false or forged instrument that, if genuine, might be filed, registered, or recorded under the laws of Nevada or the United States. We hold that absent a specific law allowing for the same type of documents at issue in this case to be filed, registered, or recorded through the office at which it is offered, one cannot be convicted under this statute. Because the State failed to prove that the documents Vaughn offered for recordation were of the type that could have been recorded under state or federal law, we reverse his conviction on counts 2-7. We further conclude that the district court relied on facts supported only by impalpable or highly suspect evidence in determining the restitution amount and, therefore, reverse the restitution award. We affirm the judgment of conviction in all other respects.

_____, J.
Parraguirre

We concur:

_____, J.
Stiglich

_____, J.
Pickering