141 Nev., Advance Opinion 15

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF H.B., III. | No. 87887 |

H.B., III,
Appellant,
vs.
MARQUES B.,
Respondent.

**FILED**

APR 03 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a petition for guardianship over a minor child. Eighth Judicial District Court, Family Division, Clark County; Linda Marquis, Judge.

*Affirmed with instructions.*

Legal Aid Center of Southern Nevada, Inc., and Marina F. Dalia-Hunt, Las Vegas,
for Appellant.

Nevada Legal Services and Alexander Nicholas Cherup, Reno,
for Respondent.

BEFORE THE SUPREME COURT, PARRAGUIRRE, BELL, and STIGLICH, JJ.

25-14903

## OPINION

By the Court, STIGLICH, J.:

In this opinion, we consider whether a felony conviction automatically disqualifies a petitioner from being appointed as a guardian for a minor. We conclude that the plain language of NRS 159A.061(3) does not categorically disqualify a potential guardian who has a felony conviction. Accordingly, the district court erred when it concluded that respondent Marques B.'s felony conviction automatically disqualified him from serving as a guardian. We nonetheless affirm the district court's denial order because Marques failed to effectuate service but note that the denial should be without prejudice.

### FACTS AND PROCEDURAL HISTORY

Appellant H.B., III, is a minor in need of guardianship. H.B.'s father was his primary caregiver. After his father's death, H.B. temporarily lived on the streets of Las Vegas with his mother, Lasandra K. Sometime thereafter, H.B. began living with his uncle, Marques. Marques petitioned the district court for appointment as guardian over H.B. Marques disclosed that he had been convicted of a felony, noted he was placed on parole for the offense, and provided a case number. The district court ordered a guardianship investigator to conduct a criminal background check on Marques. The background check confirmed that, in 2008, Marques had been convicted of attempted murder, a felony. During a hearing on the petition, H.B.'s paternal grandmother appeared in support of Marques's petition for guardianship. Marques contended that he was in contact with Lasandra via text message and she also expressed her support of H.B.'s placement with Marques.

 

Subsequently, the district court issued written findings of fact and conclusions of law denying the petition for guardianship. The district court determined that Marques was automatically disqualified from serving as a guardian due to his felony conviction. Further, the district court concluded that Marques failed to file proof of service of the petition and citation on all relatives within two degrees of consanguinity and interested parties and failed to meet the notice requirement or allege facts sufficient to support a finding that notice was not feasible or should be waived. The district court denied the petition with prejudice and closed the matter. This appeal followed.

## DISCUSSION

Both H.B. and Marques argue that the district court erred in concluding that Marques's felony conviction automatically disqualified him from serving as H.B.'s guardian under NRS 159A.061(3) because the statute does not contain such a limitation. They contend that NRS 159A.061(3)'s language unambiguously provides that the district court must consider the enumerated factors in determining whether a potential guardian is suitable and, in all cases, must ultimately determine whether guardianship would be in the best interest of the child. In addition, both parties argue that the district court erred in failing to waive service for good cause because Marques was in contact with Lasandra via text message, despite not serving her in the manner prescribed under the relevant statutes. We address each contention in turn.

*A felony conviction does not automatically disqualify a potential guardian under NRS 159A.061(3)*

Determining whether NRS 159A.061(3) automatically disqualifies those with a felony conviction from serving as a guardian

involves statutory interpretation, which is a question of law that we review de novo. *State v. Catanio*, 120 Nev. 1030, 1033, 102 P.3d 588, 590 (2004). When a statute is unambiguous, it should be given its plain meaning. *Firestone v. State*, 120 Nev. 13, 16, 83 P.3d 279, 281 (2004). Courts must not read in implied terms that the Legislature omitted, *Parsons v. Colts Mfg. Co. LLC*, 137 Nev. 698, 705, 499 P.3d 602, 608 (2021), and have "a duty to construe statutes as a whole so that all provisions are considered together and, to the extent practicable, reconciled and harmonized," *Orion Portfolio Services 2, LLC v. County of Clark ex rel. Univ. Med. Ctr. of S. Nev.*, 126 Nev. 397, 403, 245 P.3d 527, 531 (2010).

NRS 159A.061 is titled "Preference for appointment of parent as guardian for proposed protected minor; exception; *other considerations* in determining qualifications and suitability of guardian." (Emphasis added.) *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 221 (2021) (noting that a statute's title is a permissible indicator of the meaning of its text). Under that statute, "the court shall consider, if applicable and without limitation," six enumerated factors in determining whether a proposed guardian is qualified and suitable. NRS 159A.061(3). Relevant here, the district court must consider whether a potential guardian "has been convicted in this State or any other jurisdiction of a felony." NRS 159A.061(3)(e). Ultimately, when making a guardianship determination, the district court must always act in the best interest of the child. NRS 159A.061(9).

NRS 159A.061(3) is clear and unambiguous, and we therefore need look no further than the text itself. Under the plain language of the statute, the district court is required to *consider* the enumerated factors under NRS 159A.061(3) when determining whether the proposed guardian

SUPREME COURT
OF
NEVADA

(O) 1947A

4

is qualified and suitable. But no one factor is necessarily *dispositive* under the plain language of the statute. NRS 159A.061(3) provides a framework to guide the district court's inquiry, identifying factors that are relevant when determining a potential guardian's suitability. The statute, however, is devoid of any reference to a hierarchy of the enumerated factors and does not contain a list of factors that would necessarily characterize a potential guardian as unfit. Under our canons of statutory construction, we recognize that if the Legislature intended a felony conviction to categorically disqualify a potential guardian, it would have provided so. But it did not. And we will not read into the statute an automatic disqualification provision when such is contrary to the statute's plain text.

Instead, NRS 159A.061(3) requires that the district court take into account any felony conviction when determining whether a proposed guardian is suitable. But a felony conviction is only one factor for the district to consider. For example, section 3 of the statute requires the district court to consider things like a potential guardian's habitual alcohol or drug use, conviction of certain crimes like child abuse or neglect, or acts of domestic violence against the minor. NRS 159A.061(3). These factors necessarily weigh against a potential guardian's suitability, though they do not categorically disqualify a potential guardian, while section 6 of the statute contemplates factors that necessarily lean towards suitability, such as the child's preference and the relationship of the proposed guardian to the child. NRS 159A.061(6). The statute must be read as a whole to give meaning to each of these suitability factors and considerations. *See Orion Portfolio*, 126 Nev. at 403, 245 P.3d at 531. Concluding that a felony conviction was dispositive as to the suitability determination, the district court here failed to address any of the other applicable suitability factors

under NRS 159A.061. Failure to do so was error. We hold that the district court must consider any felony conviction, along with other applicable NRS 159A.061 factors, when determining whether a potential guardian is qualified and suitable. We further conclude that the district court erred by reading into the statute an automatic disqualification requirement.

We note that because the district court's threshold suitability inquiry found Marques unqualified to serve as H.B.'s guardian, the district court necessarily never reached the best interest analysis under NRS 159A.061(9). Although we ultimately affirm the dismissal based on Marques's failure to effectuate service, as discussed below, we note that should Marques re-petition for guardianship, the district court first must consider his suitability under the correct framework and, should the court find him suitable, the court must determine whether the guardianship placement would be in H.B.'s best interest. *See* NRS 159A.061(9); *In re Guardianship of D.R.G.*, 119 Nev. 32, 40, 62 P.3d 1130, 1132 (2003) (giving credence to this court's long-standing principle that the child's best interest is "the paramount consideration" in guardianship cases).

*The district court did not abuse its discretion in finding that service was improper*

Having determined that the district court erred in finding that a felony conviction categorically renders a potential guardian unfit, we now turn to whether dismissal was proper in light of Marques's failure to properly effectuate service. We review the denial or dismissal of an action for failure to serve process for an abuse of discretion. *See Abreu v. Gilmer*, 115 Nev. 308, 312-13, 985 P.2d 746, 749 (1999). An abuse of discretion occurs where the district court fails to supply appropriate reasons to support its determination, exceeds the bounds of law or reason, or makes an

arbitrary or capricious decision. *In re Guardianship of D.M.F.*, 139 Nev., Adv. Op. 38, 535 P.3d 1154, 1161 (2023).

Relevant here, a citation and copy of the guardianship petition must be served upon the minor, all known relatives over 14 years of age within the second degree of consanguinity of the minor, and the parents and custodian of the minor. NRS 159A.047(2). Normally, each person required to be served under NRS 159A.047(2), except the minor, must be served by (1) certified mail, with a return receipt requested, at least 20 days before the hearing, or (2) personal service in the manner provided pursuant to the Nevada Rules of Civil Procedure at least 10 days before the hearing date. NRS 159A.0475(1)(b). If service by certified mail or personal service cannot be accomplished, as proven by affidavit, service of the citation must be made by publication as provided by the Nevada Rules of Civil Procedure at least 20 days before the hearing. NRS 159A.0475(2). Notwithstanding the normal service requirements, the district court may find that notice is sufficient if (a) the minor over the age of 14 has been served; (b) the care provider or guardian has been served; and (c) at least one relative has been served as required, as evidenced by return receipt or certificate of service. NRS 159A.0475(4).

Here, Marques did not comply with NRS 159A.047(2). No citation and copy of the petition were served upon Lasandra or the other known relatives within the second degree of consanguinity. Indeed, Marques concedes that he did not serve Lasandra either by mail or personal service, and the record is devoid of any service attempts or mention of service on other relatives within the second degree of consanguinity. Under NRS 159A.0475(2), Marques was required to prove by affidavit that he could not serve the required persons by certified mail or personal service, making

service by publication necessary. Marques failed to do so. The inquiry thus shifts to NRS 159A.0475(4), which provides that the district court *may* find an exception to the normal notice requirements if the statutory criteria are met. In other words, the statute leaves the decision to the district court's discretion. *See Ewing v. Fahey*, 86 Nev. 604, 607, 472 P.2d 347, 349 (1970) ("Generally in construing statutes, 'may' is construed as permissive . . . unless a different construction is demanded by the statute in order to carry out the clear intent of the legislature." (internal quotation marks and citations omitted)).

Declining to excuse the failure to comply with the normal service requirements. cannot be said to exceed the bounds of reason or amount to an arbitrary or capricious decision here because Marques did not satisfy the criteria for an exception under NRS 159A.0475(4). Therefore, we conclude that the district court properly determined that service was defective. We note, however, that denials or dismissals for failure to timely serve process are not on the merits and should be issued without prejudice. *See, e.g.*, *Green Tree Servicing, LLC v. Barnes*, 187 N.Y.S.3d 717, 718 (App. Div. 2023); NRCP 4(e)(3)(2) (stating that failure to timely serve process results in a dismissal without prejudice).

## CONCLUSION

The district court is required to consider all the relevant factors in NRS 159A.061 when determining whether a potential guardian is qualified and suitable. Because we conclude that a felony conviction does not automatically disqualify a potential guardian under NRS 159A.061(3), the district court erred in denying the petition on that ground.

SUPREME COURT
OF
NEVADA

(0) 1947A

Nevertheless, we affirm the district court's order based upon its finding that service was not effectuated. However, as the failure to serve did not constitute a decision on the merits, upon issuance of the remittitur, we direct the district court to strike the words "with prejudice" from its order.

_____, J.
Stiglich

We concur:

_____, J.
Parraguirre

_____, J.
Bell